**Philip D. STIRPARO et al., Plaintiffs Below, Appellants,**

**v.**

**STATE of Delaware, Defendant Below, Appellee.**

Supreme Court of Delaware.

July 10, 1973.

Richard D. Albright, Community Legal Aid Society, Inc., Dover, for appellants.

Gerald I. Street, Deputy Atty. Gen., for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the denial by the Superior Court of relief under a petition for a writ of mandamus filed by two inmates of the Correctional Institution.

The matter was initiated by a letter to Superior Court challenging the State's method of computing eligibility for parole as prescribed by 11 Del.C. §§ 4346, 4372. The Superior Court considered the inmates' letter as a petition for a writ of mandamus and ultimately denied relief.

Section 4346(a) basically provides that after serving one-third of the sentence imposed, an inmate becomes eligible to apply for parole. Section 4372 provides for time off for good behavior which is required to be taken into account in the determination of eligibility to make application for parole.

The Opinion of the Court below denying relief to the petitioners is reported as Stirparo v. State, Del.Super., 297 A.2d 406 (1972). We affirm the decision of the Superior Court for the reasons set forth in its reported Opinion.

The question was necessarily decided upon a construction of the two Code sections involved. The petitioners urged a method of computation to determine eligibility for parole in an attitude more favorable toward inmates than the present method of computation utilized by the Correctional authorities and the Board of Parole. The Court below concluded that neither the formula advocated by the petitioners, nor the formula currently used by the State authorities was correct under the statute. The Court then determined a formula based upon its construction of the two sections involved.

Relief was denied the petitioners upon the basis that the formula urged by them was incorrect under a proper construction of the Code sections, and for the further reason that the State's method of computation was more favorable to the inmates than an application of the formula approved by the Court would be. The Court nevertheless refused to decide on its own a matter of State policy in this respect, thus permitting the continuation of the State's formula which had been used for eight years.

The Court below pointed out that this matter needs legislative clarification and a more precise statutory scheme for determining eligibility. We agree with this conclusion and suggest to the General Assembly the desirability of re-examining the policy sought to be put into effect by the two cited Code sections, and the further desirability of amendment to clarify what is, at best, an extremely murky situation.

The judgment below is affirmed.