John C. WOODWARD, Plaintiff,

v.

**DEPARTMENT OF CORRECTIONS,
Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted Nov. 5, 1979.

Decided Jan. 24, 1980.

John C. Woodward, Smyrna, pro se.

Francis A. Reardon, Dept. of Justice, Wilmington, for defendant.

LONGOBARDI, Judge.

On June 10, 1976, the Petitioner commenced serving a ten year prison term on two counts of first degree robbery. Six of those ten years are subject to 11 *Del.C.* 832(c) which requires that the first six years "shall not be subject to suspension, and no person convicted under this section shall be eligible for probation or parole . . ." during the minimum mandatory periods of imprisonment. During a review of his records, the Petitioner was advised that he would not be eligible for parole until after the expiration of his first six years of imprisonment, the minimum mandatory sentence required upon conviction on two counts of first degree robbery. Thus, De-

partment authorities determined that Petitioner's initial parole eligibility date (*i. e.,* eligibility to be considered for parole) would be June 9, 1982. Petitioner contends (see original hand-written petition) he would be eligible for parole from the ten year sentence after four years, three months and twenty-eight days.[1]

In essence, Petitioner contends that pursuant to 11 Del.C. 4346(a), his initial parole eligibility date must be computed on the full ten year sentence and must take into account his good time and merit credits earned pursuant to 11 *Del.C.* 4372 and 4374. Petitioner claims that if his parole eligibility date had thus been computed, he would be eligible for parole consideration in something less than six years, *i. e.,* before June 9, 1982. For its part, the Department concedes that normally a person sentenced to a ten year term will be eligible for parole consideration pursuant to 11 *Del.C.* 4346(a) after serving only two years, eight months and twenty-seven days. However, the Department argues that since Petitioner was sentenced pursuant to 11 *Del.C.* 832(c) and his minimum mandatory six year sentence exceeds the minimum term computed under § 4346(a), the six year term takes precedence over the two year, eight months and twenty-seven day term for the purpose of establishing Petitioner's initial parole eligibility consideration date. The precise question presented by this dispute is whether a person sentenced to a minimum mandatory prison term under § 832(c) is nonetheless entitled to have his initial parole eligibility date established pursuant to the literal terms of §§ 4346(a), 4372 and 4374, even if such computation would result in such person being considered for parole prior to expiration of the minimum mandatory prison term.

Before proceeding to the facts and merits in the instant case, something more needs to be said generally about the operation and effect of good time and merit credits and

about the minimum mandatory sentencing laws of this State. In addition to the role played by good time and merit credits in the conditional release context, these credits are also important generally in determining eligibility for parole. Under the parole statute, a prisoner is initially eligible for parole consideration "if he has served ⅓ of the term imposed by the court, such term to be reduced by such merit and good behavior credits as have been earned . . . ." 11 *Del.C.* 4346(a). Therefore, normally under this provision the more good time and merit credits a prisoner earns, the sooner he will be eligible for parole consideration. However, in addition to this parole eligibility provision which, on its face, is generally applicable to all "person[s] confined to any correctional facility . . . ," the Legislature has also provided that specific minimum sentences for certain types of convicted felons are mandatory and "shall not be subject to suspension and no person shall be eligible for probation or parole during such portion of such minimum term." *E. g.,* 16 *Del.C.* 4763(a)(2) and (3), 11 *Del.C.* 832(c), 859(b), 1254(b), 1361(c) (misdemeanor offense), 1447(b). The question presented by the instant petition concerns the interrelationship of parole eligibility (11 *Del.C.* 4346), good time (11 *Del.C.* 4372) and merit credit (11 *Del.C.* 4374) provisions with one of these minimum mandatory sentence provisions.

Under 11 *Del.C.* 832(c), a person convicted of robbery first degree must serve the first three years of his sentence without benefit of probation and parole and they may not be suspended. If the State were to afford a defendant the benefit of good time credits under 11 *Del.C.* 4372, then he would become eligible for parole before the expiration of the mandatory three year term, the very thing the statute unambiguously prohibits. In this case, the Petitioner contends he would be eligible for parole after serving four years, three months and twenty-eight

---

1. The parole statute does not specifically provide for parole at the time suggested by the Petitioner. It merely provides for eligibility for parole after the Petitioner has served one-third of his minimum sentence reduced by good time. The Petitioner, however, alleges that since he is

not eligible for parole at the end of two years, eight months, twenty-seven days, a time within the mandatory minimum period of imprisonment, he next becomes eligible when his mandatory minimum sentence is reduced by good time credits.

days (six year sentence less six hundred twelve days "good time" credit). Petitioner reasons that the six year sentence is in reality something less than six years because the requirements of 11 *Del.C.* 4372, the statute on good time credits, are statutory grants of relief which automatically effect every sentence given by a court. In sum, he argues that when the Legislature mandated that the first three years of a robbery sentence are not to be suspended or subject to probation or parole, it was meant to be so except for the provisions of 11 *Del.C.* 4372 which makes the sentence something less than three years.

In support of his argument, Petitioner cites *Kennish v. State*, Del.Super., 5089 Civil Action 1976 (unreported decision dated December 7, 1976). That decision provides that a person sentenced to a minimum mandatory term of incarceration "without benefit of probation or parole" is still entitled to earn good time and merit credits as per §§ 4372 and 4374 for the purpose of gaining a "conditional release," even if such release would thereby occur prior to service of the full minimum mandatory term. The basis for the decision was that the minimum mandatory sentencing provision there involved, 16 *Del.C.* 4763(a)(2), expressly precluded suspension of the sentence, probation or parole but contained no exclusion to a "conditional release" pursuant to 11 *Del.C.* 4371–4374. The Court held that since the Legislature had not expressly disallowed conditional releases to these persons, such releases must be granted when properly earned under the relevant statutes even though some of these releases will necessarily occur prior to expiration of the applicable minimum mandatory prison term. The *Kennish* rationale seems strained and an anomaly arises thereunder since, given a minimum mandatory sentence, the court cannot fully or partially suspend the sentence and cannot grant probation in lieu of it, and the Parole Board cannot grant parole during it, but the Department must grant a conditional release prior to its expiration because the prisoner has "earned" sufficient good time and merit credits.

At any rate, regardless of what may be said of the *Kennish* decision, its operation is necessarily limited to the context of good time and merit credits vis-á-vis "conditional release." *Kennish* does not decide the question presented herein regarding the operation of good time and merit credits vis-á-vis "parole" eligibility where a minimum mandatory sentence is involved. To answer that question, the Court must refer to the same basic sources relied upon in *Kennish*, i. e., the express language of the pertinent statutes.

Initially, it should be noted that there are some basic similarities between *Kennish* and the case at bar. The minimum mandatory sentencing provisions in both cases are virtually identical with respect to the critical prohibition on suspension, probation or parole during the minimum term. *Compare* 11 *Del.C.* 832(c) with 16 *Del.C.* 4763(a)(2). Also, as noted above, both cases involve questions about the operation of good time and merit credits, 11 *Del.C.* 4372 and 4374, on a minimum mandatory sentence. Moreover, although there are obvious differences between a "conditional release" and a "parole," it would be difficult to overstate the similarities between the two. A person entitled to a "conditional release" under 11 *Del.C.* 4371–4374 is "upon release, . . . deemed as released on parole until the expiration of the maximum term or terms for which he is sentenced." 11 *Del.C.* 4348. Conditional releasees and parolees are subject to the same procedures and penalties for violation of the conditions of their respective releases. 11 *Del.C.* 4352. Other important similarities may be detailed. Call it by any other name but a conditional release based on the diminution of an original sentence by reason of good time credits is not an unconditional release. The sentence has not been automatically reduced to something less than that originally imposed. *Spurlin v. Department of Corrections*, Del.Supr., 230 A.2d 276 (1967). In short, good time credits are not statutorily sanctioned modifications of original sentences. They are administrative rehabilitative devices which provide for a release generally after parole has not been utilized.

The point is that there is a certain logic in Petitioner's argument given these simi-

larities. If the *Kennish* petitioner was entitled to have his "conditional release" date determined on the basis of his good time and merit credits, Petitioner should be entitled to have his "parole" eligibility date calculated on the basis of his good time and merit credits. Indeed, the parole eligibility statute so provides on its face. 11 *Del.C.* 4346(a).

■ In the final analysis, however, the weakness in Petitioner's argument herein and the strength of petitioner's argument in *Kennish* lies in the express provisions of the minimum mandatory sentencing statute. Because the statute under which the *Kennish* petitioner was sentenced did not expressly limit the availability of conditional releases, the Court held such releases to be available under the express terms of 11 *Del.C.* 4371 *et seq.* See 16 *Del.C.* 4763(a)(2). In this case, by contrast, were the Court to permit Petitioner's parole eligibility date to be set simply *according to* 11 *Del.C.* 4346(a), 4372 and 4374, without regard to the length of Petitioner's minimum mandatory sentence, the result would violate the express provisions of the statute under which Petitioner was sentenced, *i. e.,* that "no person convicted under this section *shall be eligible for . . . parole* during . . ." the minimum mandatory prison term. 11 *Del.C.* 832(c) (emphasis added). Consequently, the Court holds that while Petitioner may be entitled under the *Kennish* decision to have his good time and merit credits calculated during his entire term of incarceration for the purposes of eligibility for a "conditional release," (such is not decided herein) he is precluded by § 832(c) from being considered for "parole" on any basis prior to the expiration of his six year minimum mandatory sentence.

■ The Court is aware that § 832(c) does not expressly mention a limitation on the effect of good time and merit credits. However, that provision does expressly limit the availability of "parole" and thereby expressly limits the operation of 11 *Del.C.* 4346(a). In effect, § 832(c) expressly amended § 4346(a) and implicitly, but necessarily, also amended the operation of § 4372 and § 4374 in the "parole" context. In this

regard, the Court notes that all of the minimum mandatory sentencing provisions similar to that found in § 832 [see 11 *Del.C.* §§ 859(b), 1254(b), 1361(c), 1447(b) and 16 *Del.C.* §§ 4763(a)(2) and (3)] were enacted by the Legislature subsequent to the enactment of 11 *Del.C.* 4346(a), the parole eligibility statute. Although implied amendments of statutes are disfavored, this Court is compelled to the conclusion that the Legislature did so amend § 4346(a), as well as § 4372 and § 4374 in the parole context, by passage of the minimum mandatory sentencing provisions since "the terms of the subsequent act[s] are so inconsistent with the provisions of the prior law that they cannot stand together." 1A Sands, *Sutherland Statutory Construction* § 22.13 (4th ed. 1972).

Because this Court has been unable to find any error prejudicial to Petitioner in the Department's manner of establishing June 9, 1982 as his initial parole eligibility consideration date, *see Stirparo v. State,* Del.Super., 297 A.2d 406 (1972), *aff'd* Del. Supr., 310 A.2d 632 (1973), his petition must be dismissed and his request for a writ of mandamus must be denied.

IT IS SO ORDERED.