Larry J. RICHMOND, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Feb. 9, 1982.

Decided June 2, 1982.

Raymond J. Hancock (Argued), Asst. Public Defender, Wilmington, for defendant-appellant.

Alex J. Smalls (Argued), Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

HORSEY, Justice:

The issue in this appeal is whether a minimum mandatory sentence may be reduced by credits earned for good behavior otherwise entitling an offender to diminution of confinement.

Defendant, Larry J. Richmond, appeals Superior Court's grant of only partial relief upon Richmond's Rule 35(a) motion for correction of his resentencing in 1979 for robbery offenses as to which Richmond had earlier pled guilty.

In 1977, Richmond pled guilty to two counts of Robbery in the first degree, 11 *Del.C.* § 832(a)(2) and two counts of Possession of a deadly weapon during the commission of a felony, 11 *Del.C.* § 1447(a). As punishment, Richmond was originally sentenced to a mandatory term of three years for each robbery offense and a mandatory term of five years for each weapons offense, with all sentences to run consecutively.

In 1979, following this Court's decision in *Davis v. State,* Del.Supr., 400 A.2d 292 (1979), Richmond's two weapons convictions were stricken as legislatively intended to be

subsumed in the robbery offenses. However, Richmond was then resentenced by Superior Court to a term of eight years for each robbery offense, the first three years of which were mandatory, as provided under § 832(c).[1]

■ In 1981, Richmond filed in Superior Court a Rule 35(a) motion for postconviction relief. Contesting his 1979 re-sentencings to increased terms for each of his first degree robbery convictions, Richmond contended that both re-sentencings were foreclosed by *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980) ["*Hunter I*"], *rev'd on other grounds*, 430 A.2d 476 (1981).[2] Superior Court agreed that Richmond's first robbery conviction re-sentencing was invalid under *Hunter I* but ruled that *Hunter I* was not applicable to his second robbery conviction re-sentencing. The Court reasoned that at time of re-sentencing for both offenses, Richmond was in the midst of but had not completed service of his first robbery mini-

mum mandatory term of three years; therefore, while Richmond's first robbery sentence could not then be increased, his second robbery sentence could be. We agree, and therefore we affirm.

### I

The only issue before us is the validity of Richmond's re-sentencing to an increased term of incarceration for his second robbery conviction. Richmond argues that notwithstanding the language of § 832(c), his original three-year term for his first robbery conviction was diminished under 11 *Del.C.* § 4371[3] by "good time" and "merit" credits earned by him under 11 *Del.C.* §§ 4372[4] and 4374.[5] Hence, Richmond contends that he was, as of time of re-sentencing, entitled to "release" or "conditional release" under 11 *Del.C.* § 4348[6] and § 4302(4)[7] from his first robbery conviction sentence due to his accrued credits and even though he had not

1. 11 *Del.C.* § 832(c) provides:
   "The minimum sentence of imprisonment required by this section and § 4205 of this title for a first offense shall not be subject to suspension, and no person convicted under this section shall be eligible for probation or parole during the first 3 years of such sentence."

2. In *Hunter I*, we ruled that an originally imposed sentence may not be increased if the offender has, at time of re-sentencing, already begun to serve the original sentence. *United States v. Turner*, 7th Cir., 518 F.2d 14 (1975); *compare, Chandler v. United States*, 5th Cir., 468 F.2d 834 (1972).

3. 11 *Del.C.* §§ 4371 through 4374 have been re-designated §§ 4381 through 4384 by 62 *Del. Laws*, c. 317, effective July 8, 1980. Section 4381 provides:
   "A person committed to the Department [of Corrections] may merit diminution of his confinement by his behavior, fidelity and compliance with the rules."

4. 11 *Del.C.* § 4372, now designated § 4382, provides in pertinent part:
   "When a person has not been guilty of any violation of discipline or any rules of the Department and has labored with diligence and fidelity, diminution of sentence shall be:
   (1) For each month . . . there shall be a reduction of 5 days from the sentence * * * *"

5. 11 *Del.C.* § 4374, now designated § 4384, provides in pertinent part:

   "An adult committed to the Department may earn reduction of his confinement by exemplary achievement in rehabilitation programs offered by the Department. . . . No reduction of confinement shall exceed 5 days for each month of sentence imposed. No reduction of confinement shall be granted until approved by the Secretary of Health and Social Services. . . . Every adult inmate shall be given the opportunity to participate in an approved rehabilitation program subsequent to conviction, subject to limitations of time, facilities, budget and personnel."

6. 11 *Del.C.* § 4348 provides:
   "A person having served his term or terms in incarceration, less such merit and good behavior credits as have been earned, shall, upon release, be deemed as released on parole until the expiration of the maximum term or terms for which he is sentenced. A person may waive his right to conditional release, in which case he shall serve the remainder of his term or terms in prison. Such waiver shall be in writing. Only persons who have been committed for 1 year or more shall be deemed to be released on parole, provided, the Department by general rule may lower said period of time."

7. 11 *Del.C.* § 4302(4) defines the term "Conditional release" to mean, "the release of an offender from incarceration to the community by reason of diminution of the period of confinement through merit and good behavior credits. A person so released shall be known as a releasee."

then served the minimum three year sentence of § 832(c). It follows, Richmond concludes, that having completed service of his first conviction's diminished term, he was, at time of re-sentencing, then serving the original term of his second robbery conviction; therefore, neither of his robbery sentences could be increased.

## II

Richmond's underlying thesis—that even a minimum mandatory sentence is subject to diminution under subchapter VIII of Chapter 43, 11 *Del.C.*—has been asserted before, though in a somewhat different context, and twice rejected in reported decisions. *State v. Spence*, Del.Supr., 367 A.2d 983 (1976); *Woodward v. Department of Corrections*, Del.Super., 415 A.2d 782, aff'd, *Woodward v. State*, Del.Supr., 416 A.2d 1225 (1980); *contra, Kennish v. State*, Del. Super., C.A. No. 5089 (1976) (unreported).

In *Spence*, this Court held that a legislatively mandated sentence to "life imprisonment without benefit of parole" (for first degree murder, in lieu of death under former § 4209 of Title 11) was not subject to diminution for any credits otherwise earned under subchapter VII, Chapter 43 of Title 11. We rejected the contention that prohibition against parole did not preclude operation of the "diminution of confinement" provisions of 11 *Del.C.* §§ 4371 *et seq.* Stating that "[i]f good behavior credits are to be accorded to a term of 'life imprisonment without benefit of parole' under § 4209(a), the General Assembly must speak on the subject", 367 A.2d at 990, we ruled:

"... that the provisions of § 4371 *et seq.* are not applicable to § 4209(a); and that 'life imprisonment without benefit of parole' under § 4209(a) means confinement for the balance of the life of the person convicted of first degree murder." 367 A.2d at 990.

In *Woodward*, the issue was whether, for purposes of *parole* eligibility, the then-mandatory minimum term of six years for first

degree robbery under § 832(c) could be diminished by good time and merit credits earned under 11 *Del.C.* §§ 4372 and 4374. Superior Court stated:

"The precise question presented by this dispute is whether a person sentenced to a minimum mandatory prison term under § 832(c) is nonetheless entitled to have his initial parole eligibility date established pursuant to the literal terms of §§ 4346(a), 4372 and 4374, even if such computation would result in such person being considered for parole prior to expiration of the minimum mandatory prison term.

\* \* \* \* \* \*

The question presented by the instant petition concerns the interrelationship of parole eligibility (11 *Del.C.* 4346), good time (11 *Del.C.* 4372) and merit credit (11 *Del.C.* 4374) provisions with one of these minimum mandatory sentence provisions." 415 A.2d at 783.

Rejecting the contention, the Court noted that if the statutes were reconciled by affording a defendant "the benefit of good time credits under 11 *Del.C.* 4372, then he would become eligible for parole before the expiration of the mandatory three-year term, the very thing the statute [§ 832(c)] unambiguously prohibits." 415 A.2d at 783. In affirming the Superior Court in *Woodward*, this Court stated:

"We agree with the Superior Court's conclusion that the mandatory minimum sentencing provision of the robbery in the first degree statute, 11 *Del.C.* § 832(c), 'does expressly limit the availability of 'parole' and thereby expressly limits the operation of 11 *Del.C.* § 4346(a)' insofar as merit and good time behavior credits for parole eligibility are concerned." 416 A.2d at 1225.

Richmond seeks to distinguish *Spence* and *Woodward* on the ground that they dealt with the diminishment of a mandatory term of confinement through §§ 4372 and 4374 credits towards eligibility for parole under § 4346 [8] of Chapter 43, Title 11. Here, in

8. See footnote 6 above.

contrast, the basis for diminished confinement through §§ 4372 and 4374 credits is § 4348's provision of right to "release" or "conditional release" based on such credits.

Richmond's sole "authority" recognizing such a distinction between release (or conditional release) and parole is *Kennish, supra.*[9] *Kennish* ruled that good time and merit credits earned by an incarcerated offender under subchapter VII (now subchapter VIII) of Chapter 43, Title 11, entitle a prisoner to "conditional release" under 11 *Del.C.* § 4348 (see footnotes 6 and 7 above); that conditional release is distinguishable from parole; hence, § 832(c)'s mandate against eligibility for "parole" during the first three years of a sentence does not foreclose a "conditional release" from a diminished confinement based on earned good time and merit credits for failure of § 832(c) to refer expressly to conditional releases.

The Superior Court in *Woodward* characterized *Kennish*'s rationale as "strained" and as creating this anomaly: that the Parole Board is barred from granting parole based on earned good time and merit credits during the term of a minimum mandatory sentence; whereas the Department of Corrections must grant a "conditional release" before expiration of such a minimum mandatory term, based on the same earned credits. We agree. Surely it would be inconsistent to say to a petitioner seeking diminishment of a minimum mandatory term through recognition of earned good time and merit credits: that for purposes of eligibility for a "conditional release" he is entitled to such diminishment under *Kennish*; but for purposes of eligibility for parole, such credits may not be recognized

under *Woodward.* And, of course, the effect of *Kennish* is to defeat the Legislature's mandate of a minimum term for a specified offense.

We conclude that no viable distinction can be made between diminution of confinement through §§ 4372 and 4374 credits earned for purposes of parole eligibility on the one hand and conditional release on the other—where right to diminishment is claimed to nullify a minimum term of incarceration mandated by the Legislature for a stated criminal offense. As previously noted, we see no practical difference between the consequences of release on parole through eligibility acquired under § 4346 and release, denominated "conditional release" under § 4348. For § 4348 expressly provides that a person released thereunder shall "be deemed as released on parole until the expiration of the maximum term or terms for which he is sentenced."[10]

We think a sufficient answer to the failure of § 832(c) to "expressly mention a limitation on the effect of good time and merit credits" is that found in *Woodward*, where the Court stated:

"However, that provision [referring to § 832(c)'s declaration that 'no person convicted under this section shall be eligible for probation or parole during the first three years of such sentence'] does expressly limit the availability of 'parole' and thereby expressly limits the operation of 11 *Del.C.* § 4346(a). In effect, § 832(c) expressly amended § 4346(a) and implicitly, but necessarily, also amended the operation of § 4372 and § 4374 in the 'parole' context. In this regard, the Court notes that all of the minimum mandatory sentencing provi-

---

**9.** Since *Kennish* is unreported, it is arguable whether it should be cited and thereby be given any prominence. *See,* ABA Comm. on Standards of Judicial Administration, Standards Relating to Appellate Courts, § 3.37 (1977). However, since defendant's entire argument is premised on *Kennish* and *Woodward* impliedly recognizes *Kennish* by distinguishing it, we think it necessary to deal with its ruling.

**10.** The State argues that no real distinction exists between a conditional release and parole,

for these reasons: the diminution of confinement provisions of § 4381 through 4384 reduce time of confinement, not term of sentence; and a defendant released under those provisions remains subject to supervision and through the parole office. Thus, a confined person who is released before service of a minimum term of imprisonment imposed by statute is, in fact, on parole, and hence in violation of § 832(c)'s express mandate against parole. We agree.

sions similar to that found in § 832 [see 11 *Del.C.* §§ 859(b), 1254(b), 1361(c), 1447(b) and 16 *Del.C.* §§ 4763(a)(2) and (3)] were enacted by the Legislature subsequent to the enactment of 11 *Del.C.* § 4346(a), the parole eligibility statute. Although implied amendments of statutes are disfavored, this Court is compelled to the conclusion that the Legislature did so amend § 4346(a), as well as § 4372 and § 4374 in the parole context by passage of the minimum mandatory sentencing provisions since 'the terms of the subsequent act[s] are so inconsistent with the provisions of the prior law that they cannot stand together.' 1A Sands, *Sutherland Statutory Construction* § 22.13 (4th ed. 1972)." 415 A.2d at 785.

We think a further explanation exists for § 832(c)'s failure to refer to and explicitly suspend the earning of good time and merit credits for either parole or conditional release during a minimum mandated term of sentence. A minimum sentence legislatively mandated is an obvious rejection of the principles underlying Chapter 43 of Title 11. Section 4301 states the underlying purpose of the Chapter.

> "This chapter shall be construed to the end that the treatment of persons convicted of crime shall take into consideration their individual characteristics, circumstances, needs and potentialities as revealed by a case study, and that whenever it appears desirable in the light of the needs of public safety and their own welfare, such person shall be dealt with, at restricted liberty in the community, by a uniformly organized system of constructive rehabilitation, under probation or parole supervision instead of in a correctional institution."

A mandatory minimum sentence necessarily rejects the concept that the State, in the treatment of persons convicted of crimes, shall "take into consideration their individu-

al characteristics, circumstances, needs and potentialities" in sentencing, probation, parole and pardon. This concept of an incarcerated person meriting "diminution of his confinement by his behavior, fidelity and compliance with the rules" (11 *Del.C.* § 4381) through the earning of merit and good behavior credits is totally incompatible with § 832(c)'s imposition of a minimum mandatory term of sentence.[11]

 Adopting *Woodward*'s rationale and rejecting *Kennish*'s, we conclude that the Legislature's enactment of § 832(c)'s minimum mandatory sentencing provisions expressly amended not only § 4346 but also § 4348 [12] and implicitly amended the operation of §§ 4372 and 4374 in the context of conditional release as well as parole. *Kennish v. State* is hereby overruled.

Affirmed.

---

11. The Legislative intent underlying § 832(c) is clear, "... to require a mandatory sentence of three years for a person convicted of robbery in the first degree." Synopsis to Senate Bill 334, 128th General Assembly, enacting subsection (c) of § 832. 60 *Del.Laws*, c. 240 (1975).

12. Sections 4346 and 4348 were simultaneously enacted by 54 *Del.Laws*, c. 349 and well before the enactment of subsection (c) of § 832 by 60 *Del.Laws*, c. 240 (1975).