# ANGEL LUIS BURGOS GUADALUPE, Plaintiff
## v.
# ATTORNEY GENERAL ROSALIE SIMMONDS BALLENTINE; BUREAU OF CORRECTIONS DIRECTOR JAMES AIKENS; BUREAU OF CORRECTIONS WARDEN ERIC BROWN,
## Defendants

Civil No. 539/1994

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

March 21,1995

*Plaintiff pro se*

JENNIE A. HENDRICKSON, ESQ., Asst. Atty. Gen. (Department of Justice), Christiansted, St. Croix, U.S.V.I., *for defendants*

CABRET, *Judge*

## MEMORANDUM OPINION

Plaintiff has filed this action alleging that he has been denied good conduct reductions in his sentence as allowed by V.I. Code Ann. tit. 5, section 4571.[1] The Attorney General of the Virgin Islands ("the Government"), acting on behalf of all defendants, has moved to dismiss the action for failure to state a claim for which relief can be granted. The central question of law, how much of a partially suspended sentence is subject to good conduct reductions, was briefed by the parties in response to the motion to dismiss. A stipulation of facts has also been filed. For the reasons which follow, this Court will deny the motion to dismiss and hold for the plaintiff. The Court will award summary judgment[2] to the plaintiff and order that the Bureau of Corrections deduct good conduct allowances from the part of his partially suspended sentence which was ordered to be served in confinement.

## FACTS

The parties stipulated to the following facts. Plaintiff was tried and sentenced for his conviction for Robbery Third Degree to a term of ten years on July 7, 1993. He was ordered to serve three years in confinement, and the remaining seven years were suspended. He was also convicted of Possession of a Deadly Weapon During the Commission of a Crime of Violence and sentenced to

---

[1] V.I. CODE ANN. tit. 5, section 4571 states that "[e]ach prisoner confined in a prison or jail in the Virgin Islands for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentencecommences to run, to be credited as earned and computed monthly as follows: Six days for each month of time served."

[2] Defendant's initial responsive pleading was a motion to dismiss made pursuant to FED.R.CIV.P. 12(b)(6). Defendant asserted that plaintiff had failed to state a claim for which relief can be granted. The parties proceeded to brief the single issue claim and eventually, at the Court's order, submitted a set of stipulated facts. Rule 12(c) provides for the entry of summary judgment when matters outside the pleadings have been presented. FED. R. CIV. P. 12(c).

six months, to be served concurrently with the robbery sentence. Plaintiff contends that he is statutorily entitled to six days credit for every month served without incident, in accordance with V.I. Code Ann. tit. 5, sec. 4571.[3] The Government does not dispute that the plaintiff is entitled to earn good conduct reductions but states that any reductions earned by the plaintiff will be applied to his total sentence, including the part which was suspended.

## THE MOTION TO DISMISS

■ A motion to dismiss challenges the legal basis which allegedly supports the claim; it does not dispute the facts. *Spell v. McDaniel*, 591 F. Supp. 1090 (D.N.C. 1984). The Court must consider the allegations as true, apply the relevant law, and decide whether the plaintiff can possibly prevail. "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiffs and its allegations are taken as true." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

■ When matters outside the pleadings have been presented to the Court, the Court shall treat the motion to dismiss as one for summary judgment. FED. R. CIV. P. 12(b). The filing of the stipulated facts converts the instant motion to dismiss to one for summary judgment.

■ Summary judgment is provided for in Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE. Section (c) of that rule states that a Court shall enter summary judgment where the record reveals no genuine issue of material fact and the evidence entitles the movant to judgment as a matter of law. The moving party bears the initial

---

[3] V.I. CODE ANN. tit. 5, section 4571 states that "[e]ach prisoner confined in a prison or jail in the Virgin Islands for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, to be credited as earned and computed monthly as follows: Six days for each month of time served."

burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once this showing has been made, the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his or her favor. *Id.*

In support of his complaint, the plaintiff points to the plain words of the statute which provide that six days shall be deducted from the term of his sentence for each month served with good behavior. V.I. CODE ANN. tit. 5, § 4571. The Government, however, relying on a letter opinion on the subject which was issued by the United States Attorney for the District of the Virgin Islands in 1950, moves to dismiss the complaint for failure to state a claim for which relief can be granted. According to the 1950 opinion, any suspended portion of a defendant's sentence remains part of his or her sentence and any good conduct credits earned are applied to the total period of the sentence. 2 V.I. OP. A.G. 105. A second opinion by the United States Attorney cited by the Government points out "that in the case of persons whose sentences are partially suspended the good conduct days earned are to be credited against the total term imposed, regardless of the suspension, and not against merely the time that is to be actually served." 2 V.I. OP. A.G. 162. On the basis of these opinions, the Government asserts that plaintiff cannot prevail because the law prohibits any reduction in the plaintiff's sentence given the facts he presents.

## ANALYSIS

This is a case of first impression in the Territorial Court. At issue is the what the Legislature meant by "the term of the sentence" which is to be affected by good conduct reductions. Although the Attorney General has issued numerous opinions[4] on this issue, it

---

[4] The Attorney General of the Virgin Islands issued five opinions on this subject between the years 1948 and 1951. The earliest opinion, 1 V.I. OP. A.G. 257 (1948) was premised upon a technical distinction between suspended and permanently suspended, a designation the subject prisoner's sentence had not received. This designation is not at issue in the instant case. All the following opinions cite this opinion and/or a succeeding one but no analysis is ever added. *See*, 3 V.I. OP. A.G. 150 (1955); 2 V.I. OP. A.G. 163 (1951); 2 V.I. OP. A.G. 162 (1951); 2 V.I. OP. A.G. 105 (1950); 1 V.I. OP. A.G. 257 (1948).

is the intent of the legislature which is controlling in a case of statutory construction. "It is a basic rule of statutory construction that the intent of the legislature should be deemed to be the law." *Schroeder v. Hackett*, 13 V.I. 242, 247 (Terr. Ct. St. C. 1977).

■ The historical note which follows V.I. Code Ann. tit. 5, section 4571 indicates that the statute was revised in 1942 to track the language of the corresponding federal statute then in effect, 18 U.S.C. § 710, 710(a) (1940). Since its adoption, no Virgin Islands Court has interpreted V.I. Code Ann. tit. 5, section 4571, commonly known as a "good-time" statute. Therefore, the Court must look to judicial interpretations of the parent statute which were handed down prior to its adoption by the Territory. *Cf., Vanterpool v. Hess Oil Virgin Islands Corp.*, 766 F.2d 117, 124 n. 10 (citation omitted) (3d Cir. 1985). These interpretations are assumed to be carried over into the law of the Virgin Islands, *In re Estate of Buckley*, 13 V.I. 345 (3d Cir. 1976), and are binding precedent in the courts of the Virgin Islands. *Vanterpool*, 766 F.2d 117, 124 n. 10 (citation omitted). One year prior to our adoption of the federal good-time statute, a federal appeals court said, in regard to that law, "[a] statute of this nature should be given effect according to the purpose for which it was enacted." *Bragg v. Huff*, 118 F.2d 1006 (4th Cir. 1941). The judicial interpretation of that purpose was set forth in *Aderhold v. Perry*, 59 F.2d 279 (5th Cir. 1932). The Court of Appeals stated that under their interpretation, "the inducement [to good behavior] is always the same, and this is unquestionably the effect Congress intended the act to have." *Aderhold*, 59 F.2d 279, at 380 (construing the manner in which credits were to be awarded and deducted). In accordance with Third Circuit caselaw,[5] *Aderhold v. Perry* became binding authority in the Virgin Islands courts along with the adoption of the federal good-time statute by our Legislature in 1942.

■ Turning to the Attorney General opinions[6] relied upon by the Government, it is clear that the interpretation of the good-time statute offered in those opinions creates no incentive for prisoners

---

[5] *Estate of Buckley*, 13 V.I. 345 (3d Cir. 1976).

[6] *See*, 2 V.I. OP. A.G. 162 & 2 V.I. OP. A.G. 105.

with partially suspended sentences, and therefore conflicts with the purpose of the statute which is to encourage good behavior by all prisoners. For example, if the defendant at bar served every day of the three years of incarceration without incident,[7] his earned reduction would be 216 days.[8] This period of time, a little over seven months, would be deducted from the ten year sentence under the Government's interpretation. This reduction could have no mitigating effect on the defendant's three year period of incarceration as was intended by the Legislature. In that regard, the statute would fail completely in its purpose to be an incentive to good behavior for those prisoners whose sentences were partially suspended.

The Massachusetts Supreme Court followed this line of statutory construction when it was called upon to interpret that state's good-time statute in 1982. *See, Hennessy v. Superintendent, Mass. Corr. Inst., Framingham,* 438 N.E.2d 329 (Mass. 1982). The *Hennessy* Court recognized the legislative purpose when it stated that "[t]he purpose of statutory good time credits is to encourage good behavior in prison. (citations omitted). This purpose is 'clearly reflected in the [statute] which ties the granting and revocation of credit to the time spent in confinement.'" *Hennessy,* 438 N.E.2d 329, at 333 (quoting *Pina v. Superintendent, Mass. Corr. Inst., Walpole,* 382 N.E.2d 1079 (Mass. 1979). The Massachusetts statute states in pertinent part "[e]very such prisoner whose record of conduct shows that he has faithfully observed all the rules of his place of confinement, and has not been subjected to punishment, shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentence. . .". Mass. Gen. L. ch. 127, § 129 (1967) (emphasis added).

Our statute similarly mandates that "[e]ach prisoner confined in a prison or jail in the Virgin Islands for a definite term other than for life, *whose record of conduct shows that he has faithfully observed all the rules* and has not been subjected to punishment, shall be *entitled*

---

[7] In order to earn good conduct reductions, the behavior of a prisoner must be "uniformly excellent". 2 V.I. Op. A.G. 163; V.I. Code Ann. tit. 5, § 2574.

[8] 36 months x 6 days = 216 days.

*to a deduction from the term of his sentence. . ."* V.I. CODE ANN. tit. 5, § 4571 (1967) (emphasis added).

In *Hennessy*, 438 N.E.2d 329, the court was called upon to decide the very issue before this Court, namely whether good-time credits, in the case of a partially suspended sentence, should be applied to the full sentence or only to the part which is to be served. The Court held, in accord with the legislative purpose of the statute, that the credits should be used to reduce the amount of time which was to be served. *Hennessy*, 438 N.E.2d 329, at 334.

■ The respondent in *Hennessy* had argued that the phrase "term for which he may be held" indicated the legislature's intent that the suspended portion of the sentence as well as the unsuspended portion be considered when deducting good time. Here, the Government argues that the fact that our statute mandates deductions from the "term of his sentence" requires the same consideration. This Court rejects that argument for the same reason as the *Hennessy* Court rejected it. Both statutes clearly indicate that they shall apply to *all*[9] prisoners, not just those who were sentenced to a full sentence, no part of which was suspended, or those whose probation was subsequently revoked.

■ Finally, it is interesting to note that for the purposes of computing parole eligibility, the Bureau of Corrections, in applying V.I. Code Ann. tit. 5, section 4601 to determine parole eligibility, clearly interprets 'term' to mean the time actually to be served. The parole statute deems the prisoner eligible for parole after serving one-half of his or her term.[10] In the case at bar, the Bureau of Corrections has correctly determined the plaintiff to be eligible for parole after serving eighteen months. This is one half of the three year committed portion of his total ten year partially suspended

---

[9] "Each prisoner confined in a prison or jail . . . shall be entitled to a deduction from the term of his sentence . . ." VIRGIN ISLANDS CODE ANN. tit. 5, § 4571.

"Every prisoner shall be entitled to have the term of his imprisonment reduced . . ." GENERAL LAWS c. 127, § 129, as amended through St.1967, c. 379.

[10] V.I. CODE ANN. tit. 5, section 4601 (1994 Supp.) states, in pertinent part, ". . . every prisoner confined in . . . prison . . . for a definite term . . . may be released on parole after serving one-half of such term . . ."

sentence.[11] It would have been illogical for the Government to use the entire ten year sentence to determine parole eligibility as this would have purported to make him eligible for parole after five years, when he has only been sentenced to serve three years in confinement. It is similarly illogical for the Government to offer, as an incentive for good conduct, to give credit against the suspended portion of a partially suspended sentence.

## CONCLUSION

The clear intent of the legislature in enacting V.I. Code Ann. tit. 5, section 4571 was to encourage good behavior among the entire prison population. The statutory interpretation which best gives effect to that purpose is that which allows all prisoners to earn time off their sentences through good behavior. Moreover, because no genuine issue exists as to the facts, the Court holds that summary judgment is proper and shall enter for the plaintiff. The statute as intepreted herein, applied to the facts of this case, mandates that the Bureau of Corrections deduct the statutorily available good time credits from the unsuspended part of the plaintiff's partially suspended sentence.

## SUMMARY JUDGMENT

THIS MATTER is before the Court on plaintiff's complaint that defendants have failed to allow him statutorily mandated good conduct reductions from his prison sentence and the defendants' motion to dismiss the complaint. In accordance with the memorandum opinion of even date, it is hereby

ORDERED that defendants' Motion to Dismiss is DENIED; and it is further

ORDERED that summary judgment is GRANTED to the plaintiff; and it is finally

ORDERED that the Bureau of Corrections shall deduct good conduct credits awarded pursuant to V.I. Code Ann. tit. 5, section

---

[11]Sentence Data Record of Angel Luis Burgos, aka Angel Luis Burgos Guadalupe, No. 930406.

4571 from that portion of the plaintiff's sentence which has been ordered to be served in confinement.

DONE AND SO ORDERED this 21st day of March, 1995.