**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**BRETT A. CLARK, Defendant**

Crim. No. 91-007

District Court of the Virgin Islands

Div. of Saint Croix

February 26, 1998

Brett Clark, *Pro se, Defendant*

FINCH, *Judge*

### ORDER CLARIFYING SENTENCE

THIS MATTER is before the Court on Inmate Brett Clark's Petition for Writ of Mandamus.[1] Clark seeks an order requiring the Bureau of Corrections to "properly interpret the sentence imposed" and award him good time credit toward the service of his sentence. The Attorney General has failed to respond to this Court's directive for a response dated December 15, 1997. Accordingly, this matter will be decided without its input.

---

[1]Upon review of the claim, this Court finds that what Clark seeks is a clarification of his sentence. In the interest of judicial economy this matter will be construed as a motion in the criminal case (91-007) and not as a separate civil action. Thus, in the future, the caption should mirror the caption in the criminal case.

## RELEVANT FACTS

Clark was convicted of aggravated rape in violation of V.I. Code Ann. Tit. 14, § 1700, and unlawful sexual contact in violation of 14 V.I.C. § 1708. On July 3, 1991, he was sentenced to two concurrent eight year terms of imprisonment. Clark claims that the V.I. Bureau of Corrections has incorrectly interpreted his sentence to be a mandatory eight year sentence and has calculated his release date as March 4, 1999. Clark argues that only seven years of the sentence is mandatory. Further, he argues that he is entitled to accumulate good conduct credits during his minimum sentence, and that the correct release date should be March 4, 1998.

## DISCUSSION

■ A sentencing court may entertain a motion for clarification of a sentence imposed in furtherance of its jurisdiction. *Joseph v. DeCastro*, 27 V.I. 297, 310-313, 805 F.Supp. 1242 (D.C.V.I. 1992). Clark was sentenced by this Court pursuant to its authority to adjudicate offenses arising from violations of Virgin Islands criminal statutes. *Id.*

Title 14 V.I.C. § 1700[2] clearly provided that a person convicted under that provision "shall be imprisoned for . . . any term of years, but not less than seven years." The statute also provides as follows:

". . . Notwithstanding the provisions of Title 5, chapters 313, 405 and 407, Virgin Islands Code,[3] or any other provision of law, imposition or execution of the . . . minimum period of incarceration shall not be suspended; neither shall probation, parole, or any other form of release be granted for this minimum period of incarceration."

The good conduct statute, codified at 5 V.I.C. § 4571, states as follows:

---

[2] The statute was amended in 1992, subsequent to Clark's sentencing. It now provides for a mandatory minimum sentence of ten years.

[3] Chapter 313 refers to probation; chapter 405 refers to good conduct allowances; and chapter 407 refers to parole.

Computation of good conduct allowances

Each prisoner confined in a prison or jail in the Virgin Islands for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, to be credited as earned and computed monthly as follows: Six days for each month of time served.

The Judgment and Commitment entered on July 3, 1991, sentenced Clark to two concurrent eight year terms, only seven years of which are mandatory pursuant to the language of 14 V.I.C. § 1700 (before amendment). Clark's argument is that neither the statute nor case law prevents him from earning good conduct credit during the mandatory term of incarceration, except that such credit cannot result in a release date prior to the expiration of the mandatory minimum period. In other words, Clark argues that he earned good conduct credit during the mandatory seven years — a total of 504 days (or 1 year, 4 months, 19 days). According to his calculations, when such time is subtracted from the eighth year of his sentence the result is a release date one year earlier than that reflected on the Bureau's sentence computation sheet.

Courts interpreting statutes similar to the one at bar rely on the language of the statute and the policy regarding imposition of mandatory minimums to conclude that any credits earned against a sentence begin to accrue *after* the expiration of the mandatory minimum period. In *Febonio v. Supt. Mass. Correctional Institution*, 664 N.E.2d 81 (App. Ct. Mass. 1996), a defendant sentenced to a term of imprisonment "for not less than three nor more than fifteen years" challenged the denial of time earned during his three year mandatory minimum sentence. In affirming the lower court's decision to deny good conduct credit, the Appeals court relied on the language of the statute to conclude that the defendant was not eligible to receive good conduct deductions for the period during which he serves his mandatory minimum. Such credit was deemed to begin to accrue after the defendant served his mandatory period of incarceration. *Id.* at 482-483.

Likewise, in *Richmond v. Delaware,* 446 A.2d 1091 (S. Ct. Del. 1982), the issue was whether a minimum mandatory sentence could be reduced by credits earned for good behavior. The statute at issue provided that "no person convicted under this section shall be eligible for probation or parole during the first 3 years of such sentence." The defendant argued that the minimum sentence was diminished by good time credits earned during that period. The court rejected the argument and ruled that the statute's mandatory sentencing provision "expressly limited" the availability of both parole and good time credits. The Court reasoned that the purpose of mandatory minimums was to eliminate disparate sentencing for particular crimes; thus, application of credits which would diminish that time would be "totally incompatible" with the legislature's mandate. *Id.* at 1094-95. *See also, Dept. of Corrections v. Powell,* 504 So. 2d 1250 (Ct. App. Fla. 1986) Inmate serving mandatory minimum sentence not eligible to earn incentive gain time until completion of mandatory portion of sentence); *Woodward v. Dept. of Corrections,* 415 A.2d 782 (S. Ct. Del. 1980) (Petitioner precluded from being considered for release on any basis prior to expiration of minimum mandatory sentence); *Merola v. Dept. of Corrections,* 285 N.J. Super. 501, 667 A.2d 702 (Sup. Ct. N.J. 1995) (Defendant's thirty year mandatory minimum sentence cannot be reduced below the statutorily mandated minimum term through application of good time.).

■ Clark's argument is flawed. According to Clark, a prisoner may accrue credits against a mandatory minimum sentence except that such credits cannot result in a release date prior to the expiration of such sentence. However, this position ignores the language of the statute under which he was sentenced which clearly prohibits the application of good conduct credits to service of the mandatory minimum by providing that the provisions of probation, good conduct, or parole statutes do not apply during the minimum period of incarceration. Simply put, the Virgin Islands Code[4] suspends the earning of any form of credit during

---

[4] In a recent case, the Territorial court of the Virgin Islands, established that the "term of sentence" to which the good conduct statute applied was any term actually spent in confinement. *Guadalupe v. Ballentine,* 32 V.I. 55 (T. Ct. St., 1994). The court noted that the

the mandatory minimum period, thereby prohibiting persons sentenced pursuant to V.I.C. § 1700 to receive any sentence less than the mandatory minimum contained therein.

## CONCLUSION

In light of the foregoing, Clark begins earning good credit allowance at the expiration of his mandatory seven year sentence, on March 4, 1998. During the remaining year, all things being equal, he accrues seventy-two days credit which, when subtracted from March 4, 1999, results in a release date on or about December 18, 1998.

Clark also challenged the calculation on equal protection grounds. He claims that the Bureau has calculated sentences for two other inmates inconsistently with his. In light of this decision, however, the Court sees no reason to address the issue of equal protection at this time.

Now therefore, it is hereby ORDERED AS FOLLOWS:

1. that Clark's motion for clarification of sentence is GRANTED.

2. that the Bureau of Corrections is directed to recalculate Clark's sentence in accordance with this opinion, awarding him good conduct credits, as appropriate, in accordance with applicable law.

DATED: February 26, 1998.

---

purpose of the good time statute is to encourage good behavior by all prisoners. *Id.* at 60-61. However, that case did not involve a mandatory minimum sentence and is not applicable here.