ANTONIO SERPA, Petitioner Below, Appellant,
v.
STATE OF DELAWARE DEPARTMENT OF CORRECTION, Respondent Below, Appellee.
No. 426, 2008
Supreme Court of delaware
Submitted: June 12, 2009
Decided: September 15, 2009
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice
This 15th day of September 2009, it appears to the Court that: (1) The petitioner-appellant, Antonio Serpa, filed this appeal from the Superior Court's July 21, 2008 dismissal of his petition for a writ of mandamus. We have determined that there is no merit to the appeal. Accordingly, we AFFIRM.
(2) On September 18, 2007, Serpa pled guilty to Possession with Intent to Deliver Cocaine in violation of title 16, section 4751(a) of the Delaware Code. Because Serpa had a previous conviction for the same offense, the Superior Court sentenced him to a three-year minimum mandatory period of incarceration pursuant to title 16, section 4763(a)(2) of the Delaware Code.
(3) In his petition for a writ of mandamus and in his opening brief on appeal, Serpa asserts that, pursuant to title 11, section 4381(a) of the Delaware Code, he is entitled to the application of good time credits on his three-year minimum mandatory sentence. The Superior Court dismissed Serpa's mandamus petition on the basis that good time credits may not be applied to a minimum mandatory term of imprisonment. We agree with that decision.
(4) In Delaware, good time is an administrative device that provides for an inmate's early release from a term of imprisonment.[1] "[E]ntitlement to [good time] credits is implicitly denied to prisoners serving minimum mandatory sentences."[2]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Snyder v. Andrews, 708 A.2d 237, 242 (Del. 1998).
[2] Watson v. Burgan, 610 A.2d 1364, 1367 (Del. 1992) (citing Richmond v. State, 446 A.2d 1091 (Del. 1982)).