STEPHEN C. GARRISON, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 286, 2009.
Supreme Court of Delaware.
Submitted: July 13, 2009.
Decided: October 12, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
MYRON T. STEELE, Chief Justice
This 12th day of October 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Stephen C. Garrison, filed an appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The appellee, State of Delaware, moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Garrison's opening brief that the appeal is without merit. We agree and AFFIRM.
(2) On October 3, 2006, Garrison pled guilty to Possession with Intent to Deliver. The Superior Court sentenced Garrison to ten years at Level V incarceration, suspended after three years minimum mandatory and successful completion of the Level V Greentree Program, for eighteen months at Level III probation.
(3) Garrison filed his petition for a writ of habeas corpus on April 23, 2009. Garrison alleged that he was being unlawfully detained at Level V as a result of the Department of Correction's failure to apply 150 days of good time credit to his sentence. According to Garrison, had the Department of Correction applied the good time credit to which he says he was entitled, he would have been released from Level V incarceration on April 15, 2009. By order dated April 27, 2009, the Superior Court denied Garrison's habeas corpus petition. This appeal followed.
(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[1] After a judgment of conviction and sentencing, the only issues to be decided on a petition for a writ of habeas corpus are the existence of a judgment of conviction by a court of competent jurisdiction and a valid commitment.[2]
(5) Garrison has not demonstrated that he is entitled to habeas corpus relief. The Superior Court had jurisdiction on October 3, 2006 to accept Garrison's guilty plea to Possession with Intent to Deliver. By valid order of commitment on the same date, the Superior Court remanded Garrison to the custody of the Department of Correction to serve a prison sentence that properly included three years minimum mandatory and completion of the Level V Greentree Program.
(6) The Superior Court denied Garrison's habeas corpus petition after determining that Garrison was not being illegally detained because, contrary to his position, he was not entitled to the application of good time credits on his three-year minimum mandatory sentence. We can discern no error in the Superior Court's denial of Garrison's habeas corpus petition.[3]
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).
[2] Curran v. Woolley, 104 A.2d 771, 773 (Del. 1954).
[3] See Serpa v. State, 2009 WL 2942882 (Del. Supr.) (concluding that Superior Court properly dismissed mandamus petition on the basis that good time credits may not be applied to a minimum mandatory term of imprisonment).