Ex Parte Roy Carney, Petitioner, v. J. Frank Ramsey, Warden.— 122 S. W. (2d) 888.

Court en Banc, December 20, 1938.

*Warner G. Maupin* for petitioner.

*Wm. O. Sawyers,* Assistant Attorney General, for respondent.

LEEDY, J.—Petitioner seeks his release from the custody of the warden of the State penitentiary by *habeas corpus.* The facts are not in dispute, and, summarized, may be stated as follows: On October 12, 1931, petitioner entered a plea of guilty in the Circuit Court of DeKalb County to an information charging him with stealing chickens in the nighttime. His punishment was fixed at a term of six years in the penitentiary. Judgment was entered, sentence pronounced, and he was committed accordingly. On October 22, 1934, after having served three years and ten days, he was granted a conditional commutation of his sentence and paroled. On June 18, 1935, while at large, and during the period of said parole, he pleaded guilty to a charge of grand larceny in the Circuit Court of Lewis County, and was sentenced to a term of two years in the penitentiary. It is admitted that, by operation of what is known as the "three-fourths" law (Sec. 8442, R. S. 1929, Sec. 8442, Mo. Stat. Ann., p. 6214) and 30 days' additional merit time to which he was entitled, petitioner's term on said second, or Lewis County, sentence expired July 18, 1936, and he was discharged under said sentence. However, he was not released from the penitentiary because of the intervening revocation of the aforesaid conditional commutation, which revocation, by its terms, directed his confinement "until he shall have served the remainder of said six years' sentence which has not been served, in accordance with the terms of the criminal judgment upon the date of his release from said penitentiary on said conditional commutation parole issued upon said October 22, 1934, aforesaid."

It appears from the transcript of petitioner's "serial record," as certified by the warden, and made a part of his return, that on the date of the filing of the petition upon which our writ issued, pe-

titioner had served three-fourths of the time for which he was sentenced under the DeKalb County judgment. And in that connection it has been stipulated that petitioner "has conducted himself in an orderly and peaceable manner while confined in the Missouri State Penitentiary and that no infractions of the rules of the prison or laws of the same have been recorded against said petitioner." In this situation the provisions of Section 8442, supra, are invoked as controlling the extent and duration of petitioner's incarceration under said sentence and that, in consequence thereof, he is now entitled to his discharge. Such is the single question presented for determination.

The statute in that behalf is as follows: "Any convict who is now or may hereafter be confined in the penitentiary, and who shall serve three-fourths of the time for which he or she may have been sentenced, in an orderly and peaceable manner, without having any infraction of the rules of the prison or laws of the same recorded against such convict, shall be discharged in the same manner as if said convict had served the full time for which sentenced, and in such case no pardon from the governor shall be required; and in all cases of first conviction of felony the civil disabilities incurred thereby shall cease at the end of two years from such discharge under the three-fourths rule, and such convict shall thereupon be restored to all the rights of citizenship: *Provided,* that he or she shall not have been indicted, informed against by the prosecuting or circuit attorney, or convicted of any other crime, during such period, and shall obtain a certificate to that effect from the board, whose duty it shall be, upon proper showing, to issue the same and keep a record thereof: *Provided further,* that nothing herein shall be construed as repealing Section 12971, R. S. 1929."

We are of the opinion that a proper construction of the statute requires that it be read as if the semicolon following the word "required" were a period, and as if the matter following were an entirely new sentence. So read, we think it clear that the first proviso ("that he or she shall not have been indicted, informed against . . . or convicted of any other crime, during such period") relates exclusively to the matter of removal of civil disabilities suffered in cases of first conviction of felony. And this is true wholly aside from any clarification through readjustment of punctuation, because it is obvious that the phrase "during such period" means "at the end of two years from such discharge under the three-fourths rule."

Giving literal meaning to its unambiguous language, we think it consonant with the legislative intent to say that the statute is not susceptible to the construction that a parolee, because of his subsequent conviction while at large under parole, is to be denied the benefits of the three-fourths rule and required to serve the full term

for which he was sentenced. ■ The evident purpose of enacting the statute was to stimulate and encourage a willingness on the part of convicts to voluntarily comply with the rules of the institution while undergoing punishment. Their own conduct, as reflected by the official records of the prison, is the measure by which there is either bestowed or withheld a fixed and predetermined reward for co-operation in promoting the orderly administration of prison discipline. Infractions of law while on parole carry their own punishment, as witness the second sentence of petitioner, and the resultant revocation of his parole. The provisions of the statute under scrutiny and the conditions of the parole under which petitioner was at large when convicted in Lewis County are in no sense related or interdependent.

As the provisions of Section 8442, supra, become a part of every judgment of conviction with as much effect as if actually written therein, it must follow, under the foregoing construction of it, that the petitioner is entitled to his discharge. It is ordered accordingly. All concur.