Henry E. SPURLIN, Plaintiff Below, Appellant,

v.

The DEPARTMENT OF CORRECTIONS of the State of Delaware ex rel. William NARDINI, Commissioner, Defendant Below, Appellee.

Supreme Court of Delaware.

May 17, 1967.

James F. Kipp, Asst. Public Defender, Wilmington, for appellant.

Robert E. Daley, Deputy Atty. Gen., Wilmington, for appellee.

WOLCOTT, C. J., HERRMANN, J., and SHORT, Vice Chancellor, sitting.

WOLCOTT, Chief Justice:

This is an appeal from the denial by the Superior Court of a Writ of Mandamus by which the prisoner sought to compel the Department of Corrections to credit him with an earned diminution of sentence (so-called "good time") computed pursuant to 11 Del.C. § 4372.

The prisoner was sentenced to a term of five years' imprisonment for robbery ending on July 16, 1966. He was paroled on January 17, 1964 and violated the terms of his parole by leaving the State without permission. He was returned to the State two years and eight days later. On May 3, 1966 the Board of Parole, pursuant to 11 Del.C. § 4352, found him to be a parole violator, revoked his parole and returned him to custody to serve out the balance of his maximum sentence, to which was added two years and eight days, the length of time he was an absconder.

It is conceded that the Department of Corrections has interpreted the order of the Board of Parole returning the prisoner to custody as disallowing good time earned by the prisoner prior to his release on parole.

The appeal has been argued to us solely upon the proposition that the Board of Parole has no authority over previously earned good time, and that, accordingly, its order disallowing it is a nullity in that respect. Accordingly, it is argued that previously earned good time must be allowed as a diminution of the sentence.

Formerly, the Board of Parole was specifically authorized by 11 Del.C. § 7712 (b) to order the forfeiture of previously allowed good time for violation of parole, and by reason of § 7712(c) to sentence a parole violator not in excess of one year in addition to the unexpired portion of his sentence. 11 Del.C. § 7712, however, was repealed by 54 Laws, Ch. 349, and the powers of the Board with respect to parole violations are now governed by 11 Del.C. § 4352. The Board, by reason of § 4352(d), is now authorized upon the establishment of a parole violation to "revoke the parole * * *, or enter such other order as it may see fit."

The prisoner argues that the amendatory law in fact lessened the powers of the Board in the punishment of parole violators. It is argued that since 11 Del.C. § 4373 authorizes the Department of Corrections to deduct a portion or all of previously allowed good time for violation of the Department's rules and discipline, the failure of § 4352 to provide the Board specifically with such a power is an indication that the General Assembly intended to deny that power to the Board.

Basically, the argument is that good time is allowed a prisoner as an incentive to comply with the rules and discipline of the prison, thus encouraging good discipline and order within the prison. Since, it is argued, prison discipline is not affected by what a parolee does while free on parole, it is neither proper nor suitable for the Board to have any control over the allowance or disallowance of good time previously earned while in the custody of the prison authorities. The prisoner cites Ex parte Carney, 343 Mo. 556, 122 S.W.2d 888, but the case is not in point since the question before the court was whether or not a re-commitment of a parole violator to serve the remaining part of the maximum sentence worked an automatic disallowance of previously earned good time.

 It is not necessarily true that earned good time prior to parole becomes a right vested in a prisoner which may not be taken from him. Annotation, 95 A.L.R.2d 1297. The philosophy behind parole laws is not

that a prisoner when released on parole shall be freed from all discipline, but that discipline of another form should be substituted for the prison discipline. Under 11 Del.C. Ch. 43, he remains while on parole subject to discipline and under the legal custody of the Department of Corrections, but subject to the orders of the Board of Parole. 11 Del.C. § 4347(e).

In effect, the parolee is free from some restraint but his release is merely "an extension of the prison walls." United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468. He is not free to do as he pleases, but remains subject to rules and discipline while at the same time free of the restraint of incarceration.

By reason of this, it is necessary that there be some coercive threat of retribution as an encouragement to the parolee not to overstep the bounds of discipline. The possibility of the loss of previously earned good time, it seems to us, might well be one of the most efficient means of persuasion to that end.

■ Since there is no clear reason why the Board of Parole should not have the authority to take away previously earned good time, and since the General Assembly has not specifically denied that power to the Board but, on the contrary, has conferred in broad terms the authority upon the Board to take such other action as it sees fit, we think the Board has the power, which it may exercise or not, as it sees fit.

The judgment below is affirmed.