James **BRADLEY**, Plaintiff Below, Appellant,

v.

**DELAWARE PAROLE BOARD**, Et al., Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: March 23, 1983.

Decided: May 3, 1983.

James Bradley, pro se.

James B. Ropp, Deputy Atty. Gen., Wilmington, for defendant below, appellee.

Before HERRMANN, C.J., McNEILLY and MOORE, JJ.

McNEILLY, Justice:

Defendant, acting *pro se,* appeals the Superior Court dismissal of his Writ of Mandamus in which he challenges the Parole Board's [Board] denial of his request for parole on various grounds.

In February, 1979 defendant entered a guilty plea to Burglary in the Third Degree; Theft Felony and Criminal Mischief Felony. On May 4, 1979 defendant was sentenced to twelve years' aggregate on these offenses. Because defendant was on parole at the time of the conviction his parole was revoked, and his original parole eligibility date was revised from February 24, 1982 to May 2, 1982.

A hearing was held by the Board on May 4, 1982 to determine defendant's eligibility for release on parole. No advance notice was given to defendant concerning his parole hearing. He was not returned to Delaware from a federal penitentiary in Pennsylvania, nor was he present at the hearing. On June 23, 1982 the Board by a 3 to 2 vote denied defendant parole for the following reasons: 1) not recommended for parole by the institution; 2) lengthy arrest record; 3) history of substance abuse; 4) unconfirmed employment plan; 5) failure under probation supervision; and 6) commission of a new crime while on parole. In its decision, the Board determined that defendant's status would be reviewed in 24 months during the month of May, 1984.

Following this action defendant filed a petition for a Writ of Habeas Corpus in Superior Court in which he raised eight grounds for relief. Because the petition did not contest the validity of the conviction or sentence, the Superior Court, in a letter to defendant, stated that the petition would be treated as a Writ of Mandamus. In late August, 1982 the Board, in light of allegations in defendant's petition that there was no recommendation from either the Department of Corrections or the Federal Prison System as to whether or not he should be paroled and that defendant had a permanent job upon release from prison, decided to reconsider defendant's parole. On September 8, 1982 the Superior Court denied defendant's · Writ of Mandamus petition. On October 8, 1982 the Board, upon reconsideration, declined to change its decision of June 23, 1982. This appeal follows.

■ In that the granting of parole is a matter of discretion with the Board, our task on review is to determine whether the Board followed the procedures set forth in the parole statutes and in its own regulations. *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Eskridge v. Casson,* 471 F.Supp. 98 (D.Del.1979). Defendant raises a number of arguments, each alleging that the Board failed to follow its statute and regulations. We deal with each seriatim.

■ Defendant's first contention is that his parole eligibility date was incorrectly calculated. He argues that the time remaining on the sentence upon which his parole was revoked should have run concurrent to his sentence for the new offense. This argument misconstrues the clear language of 11 *Del.C.* § 4352(g) which provides:

Any person who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve the unexpired portion of the term under which he was released consecutively after any new sentence for the new offense.

Pursuant to § 4352(g) defendant's parole date was correctly calculated.

■ Defendant next contends that the Board violated 11 *Del.C.* § 4346 by failing to grant him a hearing on February 24, 1982. This argument assumes that defendant's first argument as to miscalculation of parole date was correct. In that defendant's first argument is rejected this argument must fall. The fact that the parole hearing was held May 4, 1982, which was two days after his eligibility date, is inconsequential in that § 4346 does not mandate when a hearing should be held, and the hearing was only two days after the eligibility date.

■ Defendant next argues that the Board violated its regulations by not notifying him in advance of his parole hearing. He concludes that his absence prevented the Board from making an intelligent and logical parole decision because he was not able to submit data in person. Neither the statute nor the regulations of the Board require the Board to notify the prisoner of his parole hearing date. The Board is only obligated to notify prison authorities of the hearing date and which prisoners are to be considered. As for his failure to submit data the record indicates that defendant was aware as early as June 7, 1979 that his parole eligibility date was May 2, 1982. Defendant was free at all times after that date to submit any information that he wanted the Board to consider at his parole hearing. Thus, any failure to submit information that was favorable to his case is attributable to him.

■ Defendant argues that the corrections officials violated 11 *Del.C.* § 4347(c) because of their failure to interview him personally. He contends that the requirement of § 4347(c) that "within one month prior to the time an offender is scheduled for a parole hearing, the Department shall submit a progress report with parole recommendations to the Parole Board, and the Department shall submit a carefully evaluated parole plan with recommendation", could not be fulfilled without a personal

interview. We disagree. Nothing in the statute requires a hearing, and it is entirely possible that there is sufficient objective criteria in a prisoner's file, gathered from daily contact with the prisoner, to enable corrections officials to prepare a proper report and recommendation.

■ Defendant maintains that 11 *Del.C.* § 4347(d) and various regulations were violated in that defendant was not physically present at his parole hearing. § 4347(d) provides that "Before ordering the parole of any person, the Board shall have the person appear before it and shall interview him." This statute does not expressly require the prisoner's presence at the parole hearing, it merely mandates that he be interviewed by the Board before his ultimate release on parole.

As for the Board's regulations we find nothing contained within them which requires defendant's presence at his parole hearing. The Board is charged with considering eight categories of criteria to be considered in determining parole, and it is clear that a careful and competent decision based on these criteria can be made without a personal interview. Defendant's contention that his failure to be present prevented him from explaining the absence of a favorable federal prison report and was unable to present evidence of employment is without merit, in that he was able to submit written documentation but failed to do so. Moreover, the Board reconsidered its decision in light of these two facts and affirmed its original determination.

■ Defendant next argues that in ordering a hearing to review his parole in twenty-four months, the Board violated its regulation which provides "no continuances shall be for a period of longer than one year after the month in which the last hearing was held." In the instant case there was no continuance, defendant's release on parole was considered and denied. Moreover, the Board has the authority not to again review or to continue a matter at its discretion beyond one year. The twenty-four months' period set for the next review was in ac-

cordance with the Board's regulation that review will be set "at least once in a two-year period."

Defendant's final contention is his allegation that his sister called the Board and was informed that there was no hearing scheduled for September 21, 1982. He contends that these facts show that a Deputy Attorney General was acting in bad faith and had made a misstatement to the Court. Our review of the record indicates that these allegations are not in accordance with the facts, and we find the argument without merit.

For the above stated reasons, the judgment of the Superior Court is

\*　　\*　　\*　　\*　　\*　　\*

AFFIRMED.