Glenn JACKSON, Petitioner Below–Appellant,

v.

MULTI–PURPOSE CRIMINAL JUSTICE FACILITY, and Laurie Sullivan, Records Supervisor, Respondents Below–Appellees.

No. 379, 1996.

Supreme Court of Delaware.

Submitted: Aug. 19, 1997.

Decided: Oct. 3, 1997.

Glenn Jackson, Wilmington, pro se.

Mary Page Bailey, Deputy Attorney General, Wilmington, for appellees.

Bernard J. O'Donnell, Assistant Public Defender, Wilmington, court-appointed amicus curiae.

Before VEASEY, C.J., WALSH and HARTNETT, JJ.

WALSH, Justice:

The appellant, Glenn Jackson ("Jackson"), filed this appeal from the Superior Court's denial of his petition for a writ of mandamus. The issue presented by this appeal is whether Jackson, who is serving a life sentence with the possibility of parole, is entitled to conditional release by the Department of Correction ("the Department") under 11 *Del.C.* § 4348 ("Section 4348"). We conclude that Jackson is not entitled to conditional release under Section 4348. Accordingly, we affirm the Superior Court's judgment.

## I.

Jackson was sentenced in 1973 to two concurrent life terms in prison, with the possibility of parole, for first degree kidnaping and first degree rape. He also received additional prison terms for robbery and weapon offenses. After serving less than ten years on these charges, the Board of Parole ("the Board") granted Jackson parole in 1983, in accordance with 11 *Del.C.* § 4346 ("Section 4346"). In 1992, Jackson was convicted of delivering drugs, criminal trespass, and resisting arrest. His parole was deemed violated and he was returned to custody. Jackson has served his 1992 sentences [1] and currently is incarcerated at the Multi–Purpose Criminal Justice Facility on his 1973 sentences. In 1995, Jackson applied for parole, which the Board denied. Jackson's next parole hearing date is scheduled for December 1997.

After his parole was denied in 1995, Jackson filed a petition for a writ of mandamus in the Superior Court, asserting that the Department was required to set a conditional, or "short-term," release date for him pursuant to Section 4348.[2] The Superior Court denied Jackson's application. This appeal ensued.

## II.

In his opening brief on appeal, Jackson contends that he is parole-eligible under Section 4346 [3] and that conditional release is a form of parole. Jackson points out that, for purposes of determining his parole eligibility, the Board must treat his life sentence as a fixed term of 45 years. *See* 11 *Del.C.* § 4346(c). Jackson argues that the Department also is obliged to treat his life sentence as a fixed term of 45 years in order to calculate a conditional release date for him. Without a conditional release date, Jackson contends that he is excluded from most rehabilitative programs, including work release. Jackson asserts that, even if the Board denies him parole under Section 4346, he still is entitled to conditional release by the Department under Section 4348.

The State, on the other hand, contends that Jackson is not entitled to a writ of mandamus because he has not established that he has a clear legal right to a conditional release date. The State argues that the statutory parole scheme applicable to Jackson is unambiguous. It provides that an inmate in Jackson's position is entitled only to have the Department set a parole eligibility date—not a conditional release date. The State asserts that the parole and conditional release programs are two different programs and that, in order to be eligible for conditional release, an inmate, among other things, must be serving a fixed term of imprisonment. Because Jackson is serving a life sentence and not a fixed term, the State contends he is not eligible for conditional release.

1. Jackson was sentenced in 1992 pursuant to the Truth in Sentencing Act of 1989 ("TIS"). *See* 67 Del.Laws c. 130. Pursuant to that Act, any sentence imposed under TIS is required to be served before a non-TIS sentence. 11 *Del.C.* § 4216(a).

2. Section 4348, entitled **Release Upon Merit and Good Behavior Credits**, provides:

A person having served that person's term or terms in incarceration, less such merit and good behavior credits as have been earned, shall, upon release, be deemed as released on parole until the expiration of the maximum term or terms for which the person is sentenced. A person may waive the right to conditional release, in which case the person shall serve the remainder of the term or terms in prison. Such waiver shall be in writing. Only persons who have been committed for 1 year or more shall be deemed to be released on parole, provided, the Department by general rule may lower said period of time.

11 *Del.C.* § 4348.

3. Section 4346 provides in relevant part:

(a) A person confined to any correctional facility administered by the Department may be released on parole by the Board if the person has served ⅓ of the term imposed by the court, such term to be reduced by such merit and good behavior credits as have been earned, or 120 days, whichever is greater. For the purpose of this subchapter, "court" shall include any court committing an offender to the Department

. . .

(c) The Board shall have authority to act where the maximum term has been commuted by the Governor. For all purposes of this section, a person sentenced to imprisonment for life shall be considered as having been sentenced to a fixed term of 45 years.

11 *Del.C.* § 4346(a), (c).

After considering the parties' respective positions, the Court appointed Bernard J. O'Donnell, Esquire to file a brief as *amicus curiae* in support of Jackson's position.[4] The *amicus* asserts that conditional release is a form of parole and that the two forms of early release are authorized by statute, are virtually identical, and are not mutually exclusive. Moreover, it is argued, the statutes relating to parole and conditional release must be read *in pari materia*. The so-called parole statute, Section 4346, provides that a life sentence shall be treated as a fixed term of 45 years for purposes of calculating an inmate's parole eligibility date. *Amicus* agrees with Jackson's assertion that the 45 year term applied to calculate parole eligibility under Section 4346 also should be applied to calculate a conditional release date under Section 4348. *Amicus* concludes that under the existing statutory scheme, even if an inmate is denied parole under Section 4346, the inmate, nevertheless, is entitled to conditional release under Section 4348.

### III.

In reviewing Jackson's petition for a writ of mandamus, the Superior Court concluded that Section 4348 is ambiguous. Specifically, the Superior Court determined that the phrase *"shall, upon release, be deemed as released on parole"* to be susceptible to different interpretations. The Superior Court further found that it was unclear, in any event, how Section 4348 "applies to Jackson, an inmate sentenced to life imprisonment." The trial court analyzed the legislative intent behind Section 4348 and concluded that the legislature intended for Section 4348 to be a "conditional release statute" and not a "parole statute." The court further concluded that Jackson was not eligible for conditional release. Thus, it denied Jackson's petition.

### A.

■ In addressing a question of statutory interpretation, our review is *de novo* to determine whether the Superior Court erred as a matter of law in formulating or applying legal precepts. *Zimmerman v. State*, Del. Supr., 628 A.2d 62, 66 (1993). Principles of statutory construction require that undefined words in a statute be given their common, ordinary meaning. *Id.* at 68; *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, Del.Supr., 636 A.2d 892, 900 (1994). A statute is ambiguous only if it "is reasonably susceptible of different conclusions or interpretations." *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, Del.Supr., 492 A.2d 1242, 1246 (1985). A statute also may be found to be ambiguous if a literal interpretation of the words of the statute would lead to unreasonable or absurd results that could not have been intended by the legislature. *DiStefano v. Watson*, Del.Supr., 566 A.2d 1, 4 (1989). Only if a statute is found to be ambiguous may a court then attempt to resolve the ambiguity by reconciling the statutory language with the legislative intent. *Id.* If there is no reasonable doubt as to the meaning of the words used, the statute is unambiguous, and the Court's role is limited to an application of the literal meaning of the words. *Zimmerman v. State*, 628 A.2d at 68; *State v. Skinner*, Del.Supr., 632 A.2d 82, 85 (1993).

■ In this case, we disagree with the Superior Court's conclusion that Section 4348 is ambiguous and thus subject to interpretation. Instead we find that the plain language of the statute compels the conclusion that Section 4348 does not apply to any inmate serving a life sentence, including those like Jackson who were sentenced to life with the possibility of parole. Consequently, we affirm the result reached by the Superior Court in this case, however, we do so on alternative grounds.

### B.

Section 4346, entitled **Eligibility for Parole**,[5] essentially provides that an inmate be-

4. The Court gratefully acknowledges the pro bono participation of Mr. O'Donnell as *amicus curiae* in this case. His service is in the highest tradition of the Delaware bar.

5. "Parole" is defined as "the release by the Parole Board of an offender from incarceration to the community prior to the expiration of the offender's term, subject to the supervision and

comes eligible to apply for parole after serving one-third of the sentence imposed by the court, such sentence to be reduced by good behavior and merit credits.[6] *Stirparo v. State,* Del.Supr., 310 A.2d 632 (1973). Release of an inmate on parole under Section 4346 is clearly a matter within the sound discretion of the Board and may be denied if the Board, in its discretion, determines that release of an inmate on parole would not be in the "best interest of society."[7] 11 *Del.C.* § 4347(c).

Unlike parole, conditional release[8] is nondiscretionary. Thus, if an inmate has accumulated sufficient good behavior and merit credits, then the Department must release the inmate from incarceration when the inmate reaches his short-term release date (*i.e.* the maximum period of incarceration less accumulated good behavior and merit credits). Conditional release simply does not require any judgment by the Board or the Department that the inmate's release would be in the best interest of society. In that sense, conditional release, unlike parole, operates almost automatically (unless waived by the inmate) and is mandatory.

Despite their obvious differences, however, parole and conditional release do share certain similarities. Both forms of early release permit the diminution of an inmate's time of confinement through earned merit and good behavior credits. *See Richmond v. State,* Del.Supr., 446 A.2d 1091, 1094 (1982). Furthermore, this Court previously has recognized that once an inmate achieves early release from incarceration, there is little practical difference between the consequences of release on parole under Section 4346 and conditional release under Section 4348. *Id.* Both the parolee under Section 4346 and the conditional release under Section 4348 remain within the jurisdiction of the Department and subject to the supervision of the Board until the inmate has either served the remaining time on his sentence or is earlier discharged. 11 *Del.C.* § 4347(i). Accordingly, an inmate's continued release under either program is conditioned upon the inmate's compliance with all of the conditions of supervision associated with his early release from confinement. *See Spurlin v. Department of Corrections,* Del.Supr., 230 A.2d 276, 277–78 (1967).

In light of the similarities between parole supervision and conditional release supervision, Jackson's characterization of conditional release as "a form of parole" is, to a point, correct. Once release is achieved, the distinctions between parole and conditional release are minimal because both types of releasees are treated as being on parole and are subject to the Board's supervision. *See Richmond,* 446 A.2d at 1094. Therefore, unlike the Superior Court, we find no ambiguity in the phrase "shall, *upon release,* be deemed as released on parole." 11 *Del.C.* § 4348 (emphasis added). The phrase simply describes how an inmate will be supervised once released under Section 4348.

Even though we agree with Jackson that conditional release is "a form of parole," that characterization, contrary to Jackson's assertion, does not necessarily mean that Jackson is entitled to conditional release simply because he is eligible for parole. Instead, Jackson's entitlement to conditional release can be determined only by looking at the language of Section 4348. Section 4348 applies to any inmate who has served "that person's term or terms in incarceration." We thus confront the controlling issue—

---

guidance of the Department." 11 *Del.C.* § 4302(11).

**6.** Pursuant to the Truth in Sentencing Act of 1989, 67 Del.Laws. c. 130, a sentence to level V incarceration for any crime committed after June 29, 1990 is no longer subject to the parole provisions of Section 4346. *See* 11 *Del.C.* §§ 4205(j), 4354.

**7.** Section 4347(c) provides, in part:

A parole may be granted when in the opinion of the Board there is reasonable probability that the person can be released without detriment to the community or to person, and where, in the Board's opinion, parole supervision would be in the best interest of society and an aid to rehabilitation of the offender as a law-abiding citizen.

11 *Del.C.* § 4347(c).

**8.** "Conditional release" is defined as "the release of an offender from incarceration to the community by reason of diminution of the period of confinement through merit and good behavior credits." 11 *Del.C.* § 4302(5).

whether a "term" means a fixed term of imprisonment or any sentence, including a life sentence.

Statutes must be " 'construed according to the common and approved usage of the English language.' " *State v. Demby,* Del.Supr., 672 A.2d 59, 61 (1996) (quoting 1 *Del.C.* § 303). Webster's Dictionary defines "term" as "a limited or definite extent of time." *Webster's Third New Int'l Dictionary* 2358 (1986). Similarly, Black's Law Dictionary defines "term" as "a fixed or definite period of time." *Black's Law Dictionary* 622 (pocket ed. 1996). Accordingly, we find from a plain reading of the statute that Section 4348 applies only to those inmates serving a fixed term of imprisonment. *Cf. Watson v. Burgan,* Del.Supr., 610 A.2d 1364, 1367–68 (1992) (finding that the use of the word "term" in Section 4348 conveyed a "measuring concept").

Moreover, contrary to Jackson's contention, we do not find that Section 4348 incorporates Section 4346(c)'s definition of a life sentence as a fixed term of 45 years. Both Sections were enacted by the General Assembly in 1964, and, in relevant part, have remained virtually unchanged since that time. *See* 54 Del.Laws c. 349. If the General Assembly had intended to permit those inmates serving life sentences with the possibility of parole to be eligible for conditional release under Section 4348, presumably it would have stated so expressly, as it did in Section 4346. *See State v. Skinner,* 632 A.2d at 86. The absence of a corresponding provision in Section 4348 evidences a deliberate decision by the General Assembly to exclude those serving life sentences from qualifying for early release under Section 4348. This Court may not engraft upon Section 4348 "language which has been clearly excluded therefrom." *Giuricich v. Emtrol Corp.,* Del. Supr., 449 A.2d 232, 238 (1982). The section is a valid legislative act and its plain language must be adhered to by this Court.

Finally, we find that excluding Jackson from the provisions of Section 4348 would not lead to an absurd or unreasonable result. *DiStefano v. Watson,* 566 A.2d at 4. As previously stated, an inmate's release on parole is a matter within the sound discretion of the Board, whereas conditional release does not require any judgment by the Board or the Department that the inmate's release would be in society's best interest. We do not find it absurd for the legislature to have precluded inmates sentenced to life in prison, even with the possibility of parole, from obtaining early release through the mandatory, nondiscretionary operation of Section 4348.

### IV.

We conclude that Section 4348 is unambiguous on its face. It therefore was unnecessary for the Superior Court to reach the issue of legislative intent. *Chrysler Corp. v. State,* Del.Supr., 457 A.2d 345, 348 (1983). Instead, "[t]he Superior Court's task was to apply the literal meaning of the words in the statute to the facts which were before it." *DiStefano v. Watson,* Del.Supr., 566 A.2d 1, 4 (1989). The literal meaning of Section 4348, which applies to inmates serving a fixed term of imprisonment, precludes its application to Jackson, an inmate sentenced to life imprisonment.

Accordingly, the judgment of the Superior Court denying Jackson's petition for a writ of mandamus is hereby AFFIRMED.