SYLVESTER SHOCKLEY, Petitioner Below-Appellant,
v.
CARL DANBERG, Commissioner of Correction, RICK KEARNEY, Bureau Chief, PERRY PHELPS, Warden of James T. Vaughn Correctional Center, Respondents Below-Appellees.
No. 88, 2009.
Supreme Court of Delaware.
Submitted: August 14, 2009.
Decided: September 10, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
Randy J. Holland, Justice.
This 10th day of September 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Sylvester Shockley, filed an appeal from the Superior Court's February 12, 2009 order granting the State's motion to dismiss his petition for a writ of mandamus. We find no merit to the appeal. Accordingly, we affirm.
(2) Shockley is an inmate incarcerated at the James T. Vaughn Correctional Center. In 1981, he was convicted of Rape in the First Degree and, in 1982, was sentenced to life imprisonment. Shockley's life sentence was imposed prior to the enactment of the 1989 Truth in Sentencing Act ("TIS") and allows for the possibility of parole. In 2008, Shockley filed a petition for a writ of mandamus in the Superior Court requesting that the Superior Court compel the Department of Correction ("DOC") to credit him with "good time" against his 1982 life sentence.[1] The Superior Court granted the State's motion to dismiss the petition on the merits and on res judicata grounds and granted the State's motion to rescind Shockley's in forma pauperis ("IFP") status.[2]
(3) In this appeal, Shockley claims that he has a clear legal right to statutory good time credits and that, therefore, the Superior Court improperly dismissed his petition for a writ of mandamus. He also claims that the Superior Court's rescission of his IFP status violated his constitutional rights and requests free copies of his plea colloquy and sentencing hearing transcripts.
(4) A writ of mandamus is an extraordinary remedy issued by the Superior Court to compel a board or agency to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that a) he has a clear right to the performance of the duty; b) no other adequate remedy is available; and c) the board or agency has arbitrarily failed or refused to perform its duty.[4] Moreover, mandamus will issue only to require the performance of a clear legal or ministerial duty.[5] Mandamus will not issue to compel a discretionary act.[6]
(5) This Court previously has ruled that inmates serving pre-TIS life sentences with the possibility of parole are not entitled to good time credits pursuant to Section 4381 and can never be conditionally released pursuant to Section 4348.[7] As such, Shockley can not demonstrate the "clear right" to statutory good time credits necessary to prevail on a petition for a writ of mandamus. Moreover, Shockley's claim is barred under the doctrine of res judicata.[8] This Court has previously affirmed the Superior Court's denial of a petition for a writ of mandamus filed by Shockley that requested the Superior Court to compel the DOC to recalculate his release date, barring his current claim.[9] We, therefore, conclude that the Superior Court properly denied Shockley's petition for a writ of mandamus.
(6) Shockley also claims that the Superior Court improperly rescinded his IFP status. In its February 12, 2009 order, the Superior Court determined that the State's motion to rescind Shockley's IFP status contained "clear and convincing evidence that [Shockley] has had at least three actions dismissed as frivolous, malicious or for failure to state a claim prior the filing of the instant action." Pursuant to Del. Code Ann. tit. 10, §8804(f), the Superior Court is authorized to deny IFP status to prisoners who abuse the judicial process.[10] We, therefore, conclude that the Superior Court acted within its discretion when it rescinded Shockley's IFP status. We also conclude that Shockley has manifestly failed to demonstrate any violation of his constitutional rights and has failed to justify his request for transcripts at State expense.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 11, §§4381(a) and 4348.
[2] The Superior Court also denied Shockley's motions to strike and for entry of summary judgment.
[3] Clough v. State, 686 A.2d 158, 159 (Del. 1996); Del. Code Ann. tit. 10, §564.
[4] Id.
[5] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[6] Id.
[7] Evans v. State, 872 A.2d 539, 558 (Del. 2005); Jackson v. Multi-Purpose Criminal Justice Facility, 700 A.2d 1206, 1207 (Del. 1997).
[8] Dover Historical Society, Inc. v. City of Dover Planning Commission, 902 A.2d 1084, 1092 (Del. 2006).
[9] Shockley v. Taylor, Del. Supr., No. 216, 2005, Berger, J. (Aug. 24, 2005).
[10] Walls v. Taylor, Del. Supr., No. 489, 2003, Holland, J. (Apr. 26, 2004).