**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3387
_____

WARD T. EVANS,

Appellant

v.

WARDEN PERRY PHELPS; ATTORNEY GENERAL OF THE STATE OF
DELAWARE
_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1-09-cv-00488)
District Judge: Honorable Joseph J. Farnan, Jr.

Argued March 19, 2012
_____

Before: RENDELL, FISHER, and CHAGARES, <u>Circuit Judges</u>.

(Filed: April 12, 2012)

Michael G. Paul, Esquire (Argued)
1 Highland Avenue
Metuchen, NJ 08840

      Counsel for Appellant

Gregory E. Smith, Esquire (Argued)
Department of Justice
820 North French Street
Carvel Office Building, 6th Floor
Wilmington, DE 19801

1

Counsel for Appellees

———————

## OPINION

———————

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Ward T. Evans appeals the District Court's denial of his request for habeas corpus relief under 28 U.S.C. § 2254. Evans was convicted in 1982 of first-degree rape and sentenced to life in prison with the possibility of parole. At the time of his conviction, Delaware law offered two paths toward early release from prison. In 2005, the Delaware Supreme Court interpreted relevant state statutes to afford offenders with life sentences, like Evans, recourse to only one of the early release mechanisms. Evans contends that the Delaware court's construction of the statutes unforeseeably enlarged his sentence in violation of his Fourteenth Amendment due process rights. We disagree, and will affirm the District Court's denial of Evans's habeas petition.

I

Delaware law extends to most prisoners sentenced before 1990 two potential avenues for early release from prison. The parole statute, Del. Code Ann. tit. 11, § 4346, provides that prisoners may be released on parole after serving one-third of the term imposed by the sentencing court, reduced by any accumulated merit or good behavior credits (together, "good time credits"). Del. Code Ann. tit. 11, § 4346(a).[1] For the purposes of parole eligibility, the statute measures the length of a life sentence with the

———————

[1] "Good time" or "good behavior" credits are awarded to prisoners who comply with prison disciplinary rules. Del. Code Ann. tit. 11, §§ 4381, 4382.

2

possibility of parole as a "fixed term of 45 years." Id. § 4346(c). Delaware empowers

the Board of Parole to grant or deny parole, in its discretion, by using the "best interest of

society" standard as a touchstone. Id. §§ 4346(a), 4347(c).

The second avenue, known as "conditional release," is defined as "the release of

an offender from incarceration to the community by reason of diminution of the period of

confinement through merit and good behavior credits." Id. § 4302(5). Section 4348 of

title 11 of the Delaware Code, the conditional release statute, provides, in relevant part:

> A person having served that person's term or terms in incarceration, less
> such merit and good behavior credits as have been earned, shall, upon
> release, be deemed as released on parole until the expiration of the
> maximum term or terms for which the person is sentenced.

Id. § 4348. A person's "term . . . in incarceration" is his maximum period of

incarceration, as set by the sentencing judge. Jackson v. Multi-Purpose Criminal Justice

Facility, 700 A.2d 1203, 1206 (Del. 1997), overruled in part by Crosby v. State, 824 A.2d

894 (Del. 2003) (per curiam). Delaware authorities record the end date of an inmate's

maximum term of incarceration on a "status sheet." Section 4348 requires state

authorities to release an inmate who has reached his "short-term release date" — that is,

his maximum term of incarceration, less accrued good time credits. Crosby, 824 A.2d at

899; Jackson, 700 A.2d at 1206.

The parole and conditional release statutes are similar in certain respects. Both

account for good time credits in calculating a reduction in the length of confinement.

Snyder v. Andrews, 708 A.2d 237, 244 (Del. 1998); Jackson, 700 A.2d at 1206. And

once an inmate is released from prison, either by way of parole or conditional release, he

3

remains under state supervision and his release depends on compliance with conditions of parole. Jackson, 700 A.2d at 1206. The statutes also differ in important respects. While the decision to release an inmate on parole under § 4346 lies within the discretion of the Parole Board, conditional release under § 4348 is automatic. Crosby, 824 A.2d at 899; Jackson, 700 A.2d at 1206. In addition, § 4346(c) defines a life sentence with the possibility of parole as a fixed term of 45 years, but § 4348 makes no mention of an alternative definition for a life term.[2]

## II

On the evening of November 12, 1981, Evans convinced his brother's 14-year-old stepdaughter to accompany him to a liquor store. During the drive home, he took the vehicle on a detour and raped her. A Delaware grand jury indicted Evans on a single count of rape in the first degree.[3] He was convicted following a jury trial and, in May 1983, sentenced to life in prison with the possibility of parole. His conviction was affirmed on direct appeal. Evans's status sheet listed his maximum release date as "death" and his maximum sentence, less good time credits, as "life."

On January 8, 2004, Evans filed a motion for correction of sentence in the Delaware Superior Court. See Del. Superior Ct. Crim. R. 35(a). He argued that his sentence was unlawful because his status sheet did not identify a conditional release date

---

[2] In 1989, the General Assembly enacted the Truth-in-Sentencing Act, 67 Del. Laws, ch. 130, Del. Code. Ann. tit. 11, § 4354, which prospectively abolished parole. Crosby, 824 A.2d at 899. Because Evans committed his crime in 1982, parole remains an option for him. For the most part, the Truth-in-Sentencing Act did not affect the conditional release option in § 4348. Id. at 900.

[3] That crime was set forth in Del. Code Ann. tit. 11, § 764 (repealed 1986).

calculated at a fixed term of 45 years, minus accumulated good time credits.  The

Superior Court denied Evans's motion without comment, but the Delaware Supreme

Court reversed.  Evans v. State (Evans I), 2004 Del. LEXIS 545 (Del. Nov. 23, 2004).

The court explained that Crosby v. State, a case that had been decided the previous year,

made Evans's sentence unlawful.  Id. at *6.  The court in Crosby held that "section 4348

incorporates section 4346(c)'s definition of a life sentence as a fixed term of 45 years."

824 A.2d at 899.  In reaching that result, the court overruled Jackson v. Multi-Purpose

Criminal Justice Facility, an earlier case that construed § 4348 *not* to incorporate §

4346's life sentence definition and regarded defendants serving life sentences as

ineligible for conditional release under § 4348.  Id.  The Crosby decision, the Delaware

Supreme Court reasoned, rendered Evans's sentence unlawful because his maximum

release date did not reflect a 45-year term of imprisonment.  Evans I, 2004 Del. LEXIS

545, at *6.

Evans I generated swift political backlash.  Within months of the decision, the

General Assembly enacted, and the Governor signed into law, House Bill No. 31, 75 Del.

Laws, c. 1, § 1, which declared Evans I "null and void."  The Delaware Supreme Court

promptly agreed to reconsider Evans I and to address the constitutionality of House Bill

No. 31.  In a lengthy opinion, it withdrew Evans I, ruled that Evans's sentence is lawful,

and struck down House Bill No. 31 as a violation of separation of powers principles.

Evans v. State (Evans II), 872 A.2d 539, 553, 558 (Del. 2005) (per curiam).  To explain

its about-face, the court clarified the scope of Jackson and Crosby.  In cases involving

violent offenders sentenced to life in prison before 1990, the court stated, Jackson

5

controls.  Id. at 557.  For those individuals, good time credits may accelerate the date of parole eligibility under § 4346.  Id.  But good time credits have no bearing on a short-term release date pursuant to § 4348, for Jackson offenders are ineligible for conditional release.  Id. at 557-58.  In cases involving non-violent habitual offenders sentenced to life in prison with the possibility of parole after 1990, by contrast, Crosby controls.  Id. at 557.  Those individuals may use good time credits to accelerate a conditional date of release, measured against a life sentence pegged at 45 years.  Id.  To the extent that Crosby purported to overrule Jackson, the court explained, the statement was dicta.  Id. at 558.  Finding that Jackson controlled Evans's appeal, the court held that Evans "is not eligible for conditional release and must remain incarcerated until his death, unless he is granted parole."  Id.

After losing in Evans II, Evans filed another motion for correction of sentence, arguing, among other things, that the Delaware Supreme Court's construction of §§ 4346 and 4348 infringed his federal due process rights.  The Superior Court denied the motion.  Agreeing that "there was no due process violation arising from its statutory interpretation" in Evans II, the Delaware Supreme Court affirmed.  Evans v. State, 918 A.2d 1170 (Table) (Del. Jan. 24, 2007).

Having exhausted his state remedies, Evans filed the underlying petition for a writ of habeas corpus in the United States District Court for the District of Delaware.  The petition raised three claims:  (1) the Delaware Supreme Court's construction of state law in Evans II deprived Evans of good time credits earned in anticipation of early release, in violation of his due process rights; (2) the jury instructions given at trial were unlawful;

6

and (3) the prosecutor elicited perjured testimony. The case was transferred to this Court as a second or successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A). We denied leave to file a second or successive petition insofar as Evans sought to assert claims of trial court error and prosecutorial misconduct. Insofar as he wished to assert a claim challenging the execution of his sentence, we concluded that such a claim would not constitute a second or successive petition and thus needed no authorization. We transferred the petition back to the District Court to consider Evans's first claim.

Evans maintained that the Delaware Supreme Court's construction of § 4348 in Evans II unforeseeably withdrew from him the option of conditional release and the value of his accrued good time credits for accelerating conditional release. By unexpectedly interpreting the statute in this way and by applying the interpretation retroactively to his case, Evans argued, the court infringed his due process rights. The District Court disagreed and denied habeas relief. Evans sought a certificate of appealability from this Court pursuant to 28 U.S.C. § 2253. We appointed counsel and granted a certificate of appealability only on the issue of "whether the Appellant's Due Process rights were violated by the ret[ro]active application of the Delaware Supreme Court's decision in Evans v. State, 872 A.2d 539, 558 (Del. 2005)."

### III

The District Court had jurisdiction over Evans's petition pursuant to 28 U.S.C. §§ 1331 and 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1)(A). We exercise plenary review over the District Court's denial of a petition for a writ of habeas corpus, reviewing the state court's decision under the same standard the District

7

Court was bound to apply. Thomas v. Horn, 570 F.3d 105, 113 (3d Cir. 2009). That standard was set by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Federal courts may issue habeas relief "with respect to a claim that was adjudicated on the merits in State court proceedings" only if the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Harrington v. Richter, 131 S. Ct. 770, 785 (2011).

IV

Evans contends that, through its construction of § 4348 in Evans II, the Delaware Supreme Court expanded the punishment accompanying his conviction in a manner that was not foreseeable at the time of his criminal act. In his view, § 4348 afforded no fair warning that it excludes violent offenders sentenced to life in prison before 1990. Evans claims that the Delaware court's unexpected and indefensible constriction of § 4348 relief, applied retroactively to him, amounts to a denial of the due process of law.

In Bouie v. City of Columbia and Rogers v. Tennessee, the Supreme Court established that the Due Process Clause forbids a court from giving retroactive effect to its unforeseeable enlargement of a statute defining criminal conduct. Rogers v. Tennessee, 532 U.S. 451, 462 (2001); Bouie v. City of Columbia, 378 U.S. 347, 354-55 (1964). Deeply rooted in enduring understandings of due process, the Court explained, is the principle that a criminal statute must give fair notice of the conduct that it makes criminal. Bouie, 378 U.S. at 350-51 (citing United States v. Harriss, 347 U.S. 612, 617 (1954)). Deprivation of the right to fair notice can result both from vague criminal

8

statutes and from "an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." Id. at 352. "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue," it must apply prospectively to satisfy the defendant's right to due process of law. Id. at 354 (quotation marks omitted).

Bouie and Rogers stand for the principle that judicial statutory construction that attaches criminal liability "to what previously had been innocent conduct" impairs due process, Rogers, 532 U.S. at 459, but it is less clear whether the decisions encompass statutory construction that unexpectedly broadens punishment for conduct already made criminal. Assuming, for the purposes of this appeal, that they do, the denial of Evans's due process claim is not contrary to or an unreasonable application of the cases. When Evans committed his crime — the relevant point in time for the purposes of judging foreseeability — the Delaware Supreme Court had not addressed the interplay between §§ 4346 and 4348. Its subsequent pronouncements in Jackson, Crosby, and Evans I therefore do not affect the question whether Evans had fair notice that violent defendants sentenced to life in prison are ineligible for § 4348 relief. As the District Court correctly reasoned, the plain text of § 4348 contains no hint that it treats a life sentence as anything other than a life sentence. And, as the Delaware Supreme Court later explained in Jackson, the word "term" in § 4348 implies a fixed term rather than a life sentence. 700 A.2d at 1207. This language supplies fair warning that conditional release is not available to certain offenders sentenced to a term of natural life rather than a fixed term of years.

It is true, as Evans argues, that one might read § 4348 to incorporate § 4346(c)'s definition of a life sentence as a fixed term if one chooses to read the statutes referentially. Indeed, the Delaware Supreme Court later did so in Crosby and Evans I. But the Bouie and Rogers standard requires more than a possibility that a statute might be construed in a certain manner. It is just as likely, on a plain reading of the text, that § 4348 does not incorporate § 4346(c)'s definition of a life sentence, making certain offenders serving life sentences ineligible for conditional release. Where a statute possesses more than one plausible reading, it is foreseeable for a court to choose one of those readings. Cf. Rogers, 532 U.S. at 461 (expressing concern about hamstringing the "normal judicial processes" of state courts in an "evolving legal system"). It follows that the construction given § 4348 in Evans II was not "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." Bouie, 378 U.S. at 354; see also Rogers, 532 U.S. at 462. The Delaware Supreme Court did not act contrary to or unreasonably apply clearly established federal law in finding that Evans II's construction of § 4348 comports with the Due Process Clause.[4]

---

[4] At oral argument, Evans urged that his ineligibility for conditional release was itself a due process violation. That view is mistaken. Evans has no right under the Constitution to obtain conditional release from prison before the expiration of his valid life sentence. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam); Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). To the extent that he argues that state officials withdrew from him a state-created liberty interest in conditional release, Evans forgets that the Delaware Supreme Court explained, in Evans II, that Delaware law does *not* vest in offenders sentenced to life any interest in conditional release. 872 A.2d at 557-58. We have no warrant to question the holding of Evans II, a decision that rests squarely on state law. 28 U.S.C. § 2254(a); Swarthout, 131 S. Ct. at 861; Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) (per curiam). Nor did Evans II's construction of § 4348 deprive Evans of earned merit or good behavior credits. Cf. Superintendent, Mass.

10

V

For the foregoing reasons, we will affirm the judgment of the District Court.

---

Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 455 (1985) (holding that due process requires "some evidence" to support official revocation of good time credits). He has already benefitted from those credits, which hastened the date on which he became eligible for parole under § 4346. Now eligible, Evans has thrice received consideration before the Parole Board. And parole remains available to him as a potential avenue toward early release.

Evans also urged "a limited remand . . . for the purpose [of] interpreting, pursuant to the Delaware Code, the actual term of his parolable life sentence, and incorporating, pursuant to Pepper v. United States, 131 S. Ct. 1229 (2011), the issue of the petitioner's rehabilitative efforts while incarcerated." Evans Rule 28(j) Letter. The argument is unexhausted, see 28 U.S.C. § 2254(b)(1)(A), and beyond the scope of the certificate of appealability, see § 2253. It is also inapposite, for Pepper concerned interpretation of federal sentencing statutes, while Evans is incarcerated pursuant to Delaware law.