IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL R. SCOTT, | § | |
| | § | No. 634, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 30502498DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 26, 2016
Decided: April 18, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 18th day of April 2016, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)     In 1986, before the enactment of the Truth in Sentencing Act ("TIS"),[1] the Superior Court sentenced the appellant, Samuel R. Scott, to two consecutive life sentences on two convictions of Rape in the First Degree.  Each life sentence imposed a mandatory twenty-year term of incarceration.  In 2009, the Superior

---

[1] *See generally State v. Barnes*, 116 A.3d 883, 884-85 (Del. 2015) (discussing the 1989 Truth in Sentencing Act).

Court issued a modified sentence order clarifying that, under the statutes in effect at the time, Scott's life sentences allowed for the possibility of parole.

(2) In 2015, Scott wrote to the Superior Court, requesting the application of earned good time credits to accelerate his parole eligibility date. The Superior Court treated Scott's letters as motions under Superior Court Criminal Rule 35.[2] After submitting the letters, Scott filed a "motion for good time calculation," contending that he has earned enough good time credits to entitle him to an immediate "early release." By order dated October 29, 2015, the Superior Court denied the motions, ruling that Scott was not entitled to good time credit, to be released from his life sentences, or to relief under Rule 35. This appeal followed.

(3) In his opening brief on appeal, Scott contends in conclusory fashion that the statutes in effect when he was sentenced in 1986 should be construed in his favor to allow for his early release based on the application of earned good time credits. Scott did not raise that claim in the Superior Court and has cited no authority nor made any cogent legal argument supporting the claim on appeal. In the absence of a Superior Court ruling on the claim, and having discerned no reason or basis in the record to consider it in the interest of justice, the Court will not consider the claim on appeal.[3]

---

[2] Del. Super. Ct. Crim. R. 35 (governing correction or reduction of sentence).

[3] Del. Supr. Ct. R. 8 (governing questions which may be raised on appeal).

2

(4)    Upon review of the parties' submissions on appeal and the relevant parts of the record, the Court concludes that the Superior Court's denial of Scott's Rule 35 motions and motion for calculation of good time credit should be affirmed. To the extent Scott contends that he is entitled to early release based on earned good time credits (or otherwise), he is mistaken.  Scott is not, nor will he ever be, entitled to a release from his sentences.[4]  Unless he is granted parole, Scott must remain incarcerated for the duration of his life.[5]

(5)    Earned good time credits can accelerate a parole eligibility date on a pre-TIS sentence, including a parolable life sentence.[6]  Earned good time credits cannot be applied, however, during a mandatory period of incarceration.[7]

(6)    In this case, Scott will not become eligible for parole until he has completed forty years of incarceration, *i.e.*, the two twenty-year mandatory terms of incarceration imposed as part of his life sentences.  Scott's mandatory incarceration is not subject to reduction by the application of earned good time credits that might otherwise have accelerated his parole eligibility date.

---

[4] *Johnson v. Taylor*, 2006 WL 1650802 (Del. June 13, 2006) (citing *Evans v. State*, 872 A.2d 539, 558 (Del. 2005) (citing *Jackson v. Multi-Purpose Criminal Justice Facility*, 700 A.2d 1203 (1997))).

[5] *Id*.

[6] *Evans*, 872 A.2d at 558.

[7] *Richmond v. State*, 446 A.2d 1091, 1094-95 (Del. 1982) (citing *Woodward v. Dept. of Corr.*, 415 A.2d 782, 785 (Del. Super. Ct. 1980), *aff'd*, 416 A.2d 1225 (Del. 1980)).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice