IN THE SUPREME COURT OF THE STATE OF DELAWARE

THOMAS KIBLER, § 
§ 
Petitioner Below, § No. 363, 2019 
Appellant, § 
§ Court Below—Superior Court 
v. § of the State of Delaware 
§ 
PERRY PHELPS, § C.A. No. N19M-06-214 
COMMISSIONER, DELAWARE § 
DEPARTMENT OF § 
CORRECTION; DANA § 
METZGER, WARDEN, JAMES T. § 
VAUGHN CORRECTIONAL § 
CENTER; REBECCA MCBRIDE, § 
RECORDS SUPERVISOR, § 
DELAWARE DEPARTMENT OF § 
CORRECTION; DELAWARE § 
BOARD OF PAROLE; § 
KATHLEEN JENNINGS, § 
ATTORNEY GENERAL OF THE § 
STATE OF DELAWARE, § 
§ 
Respondents Below, § 
Appellees. §

Submitted: November 18, 2019
Decided: January 31, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to

affirm, and the record below, it appears to the Court that:

(1) The appellant, Thomas Kibler, filed this appeal from the Superior Court's dismissal of his petition of a writ of mandamus. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Kibler's opening brief that his appeal is without merit. We agree and affirm.

(2) In 1986, a Superior Court jury found Kibler guilty of attempted first degree murder and possession of a deadly weapon during the commission a felony. Kibler was sentenced, before enactment of the Truth-in-Sentencing Act ("TIS"), to life imprisonment for the attempted murder conviction and eight years of imprisonment for the weapons conviction. This Court affirmed Kibler's convictions on direct appeal.[1]

(3) According to Kibler, the Board of Parole recently denied his seventh application for parole. On July 25, 2019, Kibler filed a petition for a writ of mandamus in the Superior Court. In his petition, he sought a writ of mandamus to compel the Board of Parole to grant him parole and the Department of Correction to grant him conditional release based on his good time credits. The Superior Court dismissed the petition. This appeal followed.

(4) On appeal, Kibler argues that the Superior Court erred in dismissing his petition because he is entitled to parole or conditional release. He also contends that the Superior Court erred in failing to order the sheriff to serve his petition on the

---

[1] *Kibler v. State*, 547 A.2d 633, 1988 WL 93403 (Del. July 25, 1988) (TABLE).

respondents. "A *writ of mandamus* is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[2] A writ of mandamus will not issue to compel a discretionary act.[3]

(5)  The Superior Court did not err in finding that Kibler failed to establish a basis for issuance of a writ of mandamus. As to his parole claim, Kibler did not establish a clear legal right to performance of a non-discretionary duty because the Board of Parole's decisions are discretionary.[4] Nor did Kibler establish a clear legal right to conditional release from his pre-TIS, mandatory life sentence for attempted first degree murder.[5] This Court has previously rejected the argument that a pre-TIS life sentence is treated as a fixed term of forty-five years for purposes of conditional

---

[2] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[3] *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1975).

[4] *See, e.g., Land v. Del. Bd. of Parole*, 860 A.2d 811, 2004 WL 2421197, at *1 (Del. Oct. 13, 2004) (TABLE) (dismissing petition for a writ of mandamus directing the Board of Parole to hold a new parole hearing because the Board of Parole's decisions are discretionary); *Bradley v. Del. Bd. of Parole*, 460 A.2d 532, 534 (Del. 1983) (recognizing that "the granting of parole is a matter of discretion with the Board").

[5] *See, e.g., Hall v. Danberg*, 5 A.3d 630, 2010 WL 4007640, at *2 (Del. Oct. 13, 2010) (TABLE) (recognizing the lack of authority to support the position of the appellant, who was sentenced before TIS, that a previous version of 11 *Del. C.* § 4381 (the good time statute) "permitted a sentence of life imprisonment without benefit of parole to be reduced by good time credits"); *Evans v. State*, 872 A.2d 539, 558 (Del. 2005) (en banc) (recognizing that there was no conditional release based on good time credits for a life sentence with the possibility of parole that was imposed before TIS); *Jackson v. Multi-Purpose Criminal Justice Facility*, 700 A.2d 1203, 1207 (Del. 1997) (holding that appellant sentenced before TIS to life imprisonment with the possibility of parole was not entitled to conditional release under 11 *Del. C.* § 4348 (the conditional release statute)), *overruled on other grounds by Crosby v. State*, 824 A.2d 894 (Del. 2003) (en banc).

release under 11 *Del. C.* § 4348.[6]  In light of these holdings, it is unnecessary to address whether the Superior Court erred in failing to order the sheriff to serve Kibler's petition on the respondents.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[6] *Hamilton v. State*, 69 A.3d 371, 2013 WL 3777149, at *1 (Del. July 15, 2013) (TABLE) (holding that appellant's pre-TIS life sentence "may not be treated as a fixed term of forty-five years entitling him to conditional release, a form of mandatory parole, pursuant to 11 *Del. C.* § 4348"); *Taylor v. Danberg*, 31 A.3d 77, 2011 WL 5137182, at *1 (Del. Oct. 27, 2011) (TABLE) ("This Court has previously determined that, with respect to an inmate serving a pre-TIS life sentence with the possibility of parole, good time credits apply only to accelerate a parole eligibility date, not to shorten the length of the sentence.").